HAUN v. THE MULBERRY AND JEFFERSON GRAVEL ROAD COMPANY.

CORPORATION.—*Subscriptions.*—*Pleading.*—*Gravel Road.*—In a suit on a subscription to the capital stock of a gravel road company, made to the articles of association, prior to the organization of the company, there was no averment in the complaint that the articles of association had been filed in the office of the recorder of the county in which the road was located, as required by the statute authorizing the organization of the company.

*Held,* that the complaint was bad on demurrer.

SAME.—*Statute Construed.*—By the terms of a subscription to the capital stock of a gravel road company, the stock subscribed was payable in such *instalments* as might be called for or required by the directors of the company, and at such times and in such manner as they might direct. The statute under which the company acted authorized the directors to require payments from the subscribers to the capital stock of the sums subscribed by them at such times and in such proportions and on such conditions as they should see fit.

*Held,* that the directors might require the whole subscription to be paid at one time, or might divide it into such instalments as to them might seem proper.

APPEAL from the Clinton Common Pleas.

ELLIOTT, J.—This was a suit by the Mulberry and Jefferson Gravel Road Company against Haun, the appellant, to recover four hundred dollars, for sixteen shares, of twenty-five dollars each, subscribed by Haun to the capital stock of the company.

The stock was subscribed to the articles of association preliminary to the organization of the company.

A demurrer to the complaint was overruled, to which the appellant excepted. Issues were then formed, the trial of which resulted in a finding and judgment for the appellee.

The first error assigned raises the question of the sufficiency of the complaint on demurrer. The suit being on a subscription to the capital stock, made to the articles of association, prior to the organization of the company, it was necessary that the plaintiff should show that the requirements of the statute authorizing the organization of the company had been substantially complied with. *Wert* v.

*The Crawfordsville, &c., Turnpike Co.*, 19 Ind. 242; *Williams* v. *The Franklin Township Academical Association*, 26 Ind. 310. The statute provides, that "whenever the stock subscribed amounts to the sum of five hundred dollars per mile of the proposed road, copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass, and shall from that time be a corporation known by the name assumed in its articles of association." 1 G. & H. 474, sec. 1.

In the case at bar, there is no averment in the complaint that the articles of association had been filed in the office of the recorder of Clinton county, in which the road is located. The complaint was therefore clearly defective, and the court erred in overruling the demurrer.

By the terms of the subscription, the stock subscribed was payable in such instalments as might be called for or required by the directors of the company, and at such times and in such manner as they might direct. It is alleged in the complaint, "that after repeated previous orders and notices of the same tenor and effect, and after most of her stock subscription had been paid, the company, on the 18th day of April, 1868, by her directors, ordered and directed that all unpaid stock subscriptions to the company, should become due and payable at the office and residence of the treasurer, on or before the fourth day of June, 1868." A notice of which order was duly published, &c.

It is insisted, that the complaint is bad in not alleging that payment of the stock was required by the directors to be made in several instalments, with the amount of each, and the times of payment thereof, and that it was not in the power of the directors to require the payment of the whole amount subscribed, at one time. The statue under which the company assumes to act, authorizes the directors to require "payments from subscribers to the capital stock of the sums subscribed by them, at such times and in such proportions, and on such conditions as they shall see fit." 1 G. & H. 477, sec. 11. Under this provision of the statute,

Haun *v.* The Mulberry and Jefferson Gravel Road Company.

subscriptions to the capital stock may be required to be paid in instalments, and such perhaps is the usual mode of payment adopted by the directors of such companies; but we cannot construe the provision as rendering it imperative on the directors to require payment by instalments. It seems to invest the directors with a full discretionary power in determining the time and manner of payment, and they may require the whole subscription to be paid at one time, or may divide it into such instalments as to them may seem proper. This is the only practical construction of which the provision is susceptible.

We do not deem it necessary to examine the question presented upon the action of the court in sustaining a demurrer to the third and fourth paragraphs of the answer. The complaint does not show that the amount of the capital stock was increased by order of the board of directors after the organization of the company, but that fact appears from the evidence, and it is involved in the questions arising upon the demurrer to the third and fourth paragraphs of the answer; and as the judgment must be reversed for the want of a sufficient complaint, and should the complaint be amended in the court below, by proper averments, the questions now presented on the third and fourth paragraphs of the answer may not again arise.

The judgment is reversed, with costs, and the cause remanded, with directions to the common pleas court to sustain the demurrer to the complaint, and with leave to both parties to amend their pleadings.

*R. P. Davidson,* for appellant.

*J. N. Sims* and *L. McClurg,* for appellee.