## Hain v. North-Western Gravel Road Company.

PLEADING.—*Complaint.—Demurrer.*—A defective complaint will be so adjudged on a ruling upon a demurrer to a bad answer.

SAME.—*Turnpike.*—In an action to recover the amount subscribed for stock to the articles of association of a gravel road company, by which the subscribers proposed to become incorporated thereafter, the complaint must allege that a subscription was obtained amounting to five hundred dollars per mile of the proposed road, and that the articles of association were filed in the proper recorder's office.

SAME.—In such action, the complaint must show by averment of fact that all the steps required by law to bring such corporation into existence have been taken.

SAME.—*Conclusion of Law.*—The averment that the company was legally organized is a conclusion of law; not an averment of fact.

SAME.—The additional averment, that the defendant entered into such organization, adds no force to the former averment, it not appearing how he entered, or what he did.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant, to recover five hundred dollars subscribed by the appellant for the stock of the company. The subscription was made to the articles of association.

There was an answer filed to the complaint, setting up a cotemporaneous verbal agreement, inconsistent with the written contract. To this a demurrer was sustained, and the defendant excepted. Final judgment for the plaintiff.

The ruling on the demurrer is assigned for error; also, that the complaint does not state facts sufficient, etc.

It is not claimed by counsel for the appellant that the answer was good, but it is insisted that the complaint was radically bad.

The complaint does not allege that a subscription was obtained, amounting to five hundred dollars per mile of the proposed road, or that the articles of association had been filed in the proper recorder's office. This, according to the case of *Haun* v. *The Mulberry and Jefferson Gravel Road Co.*, · 33 Ind. 103, and cases there cited, renders the complaint radically defective.

Had the subscription been made to a company professing

to have a corporate existence, the defendant would have been estopped to deny such corporate existence. But as the subscription was to articles of association, by which the subscribers proposed to become incorporated thereafter, it is necessary, in order to recover on such subscription, to show by averment that all the steps have been taken which are required by law to bring such corporation into existence.

The complaint alleges that, subsequent to the subscription, the company "was legally organized, in which organization the defendant entered." The averment that the company was legally organized is a conclusion of law rather than an averment of fact. *The Indianapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380.

On the facts being stated, it would be a question of law, whether the corporation was legally organized; but there are no facts stated, from which any legal inference can be drawn.

The averment that the defendant entered into the organization adds no force to the statement. How he entered, or what he did, does not appear. There is nothing in this allegation that dispenses with the necessity of showing in the complaint that such things were done as were necessary to create a valid corporation. We must hold that the complaint was defective.

The judgment below is reversed, with costs, and the cause remanded, with leave to the parties to amend their pleadings.

*A. J. Roush* and *R. P. Davidson,* for appellant.