## BANTY ET AL. *v.* BUCKLES ET AL.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Complaint:—Practice:—Examination Under Oath,—Demurrer.*—In a proceeding supplementary to execution, the creditor may compel the defendants to answer fully under oath, and, from the information thus obtained, frame a complaint. But, if the creditor seeks to subject a particular claim to the payment of his judgment, he should, in the first instance, file a verified complaint, the sufficiency of which may be tested by demurrer.

SAME.—*Turnpike Company and its Stockholders.*—In such a proceeding, by a judgment creditor of a turnpike company, against the debtor and some of its stockholders, to subject the stock subscribed by them to the payment of the judgment, it was not alleged in the complaint that a proper subscription had ever been obtained, that the articles of association had

ever been recorded, that a board of directors had ever been elected, nor that the stockholders had ever been ordered by the board of directors to pay their stock, as was provided in their subscription.
*Held*, on demurrer, that the complaint was insufficient.

From the Delaware Circuit Court.

*W. Brotherton, W. March* and *C. E. Shipley*, for appellants.

*J. S. Buckles* and *J. W. Ryan*, for appellees.

Scott, J.—This action is based upon section 522,—proceedings supplementary to execution.

The appellees, at the September term of the Delaware Circuit Court, obtained a judgment by agreement, against one of the defendants called the Smithfield and Albany Turnpike Company, for the sum of seven hundred and seven dollars and ninety cents. They had an execution issued on this judgment, which was returned unsatisfied. They then brought this proceeding against the turnpike company and the other defendants, Banty, Jones and Johnson, to compel the last named defendants to pay them, on their judgment, certain sums which the appellees alleged the said Banty, Jones and Johnson severally owed the said turnpike company.

It appears from the complaint, that articles of association were drawn for the purpose of organizing this turnpike company, and a copy of such articles was filed with the complaint. It appears from these articles that Banty subscribed six hundred dollars, that Jones subscribed one hundred and twenty-five dollars, and Johnson subscribed fifty dollars.

There was no averment in the complaint, showing that any other stock was subscribed; neither does it appear that the organization was ever completed; nor does it appear that the subscription was ever called for or ordered to be paid, by any one having authority to call for the same. It does not appear from the complaint that any board of

directors ever existed. This averment is in the complaint:

"A copy of which subscription is filed herewith, and that said several amounts are now due said company."

The following is a copy of the subscription:

"We severally agree and promise to take the number of shares of stock of said company set opposite our names, and to pay to said company the sums of money indicated thereby, at such time, place and manner as shall be ordered by the board of directors, waiving all relief from valuation laws of the State of Indiana.

| "Names of subscribers. | Shares. | Amount. |
| --- | --- | --- |
| "Joshua Banty, | 24 | $600.00 |
| "Benjamin Jones, | 5 | 125.00 |
| "W. M. Johnson, | 2 | 50.00." |

The defendants severally and separately demurred to the complaint, for want of facts. The plaintiffs moved to reject the demurrers, which motion was sustained by the court, and the defendants excepted.

The defendants, other than the turnpike company, then filed their separate answers:

1. General denial;

2. Payment;

3. Set-off;

4. That the judgment against the turnpike company was void, because there was no service on said company;

5. That the corporation was never duly organized.

The plaintiffs moved to strike out the second, third, fourth and fifth answers, and the court sustained said motion, and the defendants excepted.

The cause was then submitted to the court, and the court, on its own motion, found the facts specially, without any conclusions of law. There was a motion in arrest of judgment overruled, and exception. The defendants moved for a new trial, which motion was overruled, and the defendants excepted.

The court then entered a judgment, that the defendants pay the following sums :  Banty, six hundred and thirty-seven dollars and forty-two cents ;  Jones, one hundred and thirty-two dollars and seventy-nine cents, and Johnson, thirty-nine dollars and twenty-nine cents, and that these several sums be applied to the payment of the plaintiffs' judgment against the turnpike company.

These several rulings are assigned for error, in this court.

Was the complaint sufficient in law ?  If the turnpike company had sued Banty, Jones or Johnson on this subscription, the complaint would not have been sufficient, without proper affirmative allegations showing that the proper subscription had been obtained, and the articles of association had been filed in the proper recorder's office. *Hain* v. *North-Western Gravel Road Co.,* 41 Ind. 196; *Haun* v. *The Mulberry and Jefferson Gravel Road Co.,* 33 Ind. 103.

In proceedings supplementary to execution, the plaintiff may compel the parties defendants to answer fully and under oath ; and, under and from the information thus obtained, the plaintiff may frame a complaint.   If, however, the judgment plaintiff.seeks to subject a particular claim to the payment of his judgment, he should file a complaint, sworn to, in the first instance.   This was done in this case.   But suppose the complaint is not good in law, how is that question to be determined?   This question, by the sections providing for this proceeding, is left in a very uncertain state; and we must, we think, resort to the general practice, to determine the rule in such cases.   Manifestly, it never was intended that a judgment against a party might be rendered, without showing a good cause of action against him.   It is said by Iglehart, in his excellent Treatise, page 336, that no demurrer . need be filed to test the sufficiency of the

complaint. This was written, however, in view of the adjudicated cases upon this subject, and in view also of the well established rule that advantage may be taken in this court, of a complaint defective for want of facts sufficient to constitute a cause of action, without any demurrer being filed in the circuit court.

It has been held by this court, that a demurrer was not necessary to test the sufficiency of an answer in this kind of proceeding ; that no answer making or tendering issues is authorized or necessary. *Coffin* v. *McClure,* 23 Ind. 356. But this ruling proceeded upon the theory that this proceeding takes the place of the creditor's bill in chancery, and the answer must be regarded as the answer was and is regarded in such cases, and any objection thereto must be by exception.

It was also held, in *Carpenter* v. *Vanscoten,* 20 Ind. 50, that, in a proceeding under section 518, the formation of issues, as in ordinary cases, was not contemplated ; and, therefore, it was not error to strike out answers which tendered issues as in ordinary cases. It was not in the mind of the court, as we think, to intimate by these rulings, that a party, when brought into court under section 522, after admitting all the facts in the complaint, should be denied the right to say, that, admitting all that is in the complaint as true, he is not legally indebted to the judgment debtor.

We are of the opinion that the court erred in rejecting the demurrer. We are also of the opinion that the complaint is not sufficient.

The judgment is reversed, with costs, and the cause is remanded, for further proceedings in accordance with this opinion.