No. 10,142.

DILLMAN v. DILLMAN ET AL.

PLEADING.—*Supplemental Complaint.—Practice.*—The office of a supplemental complaint is not to supply omissions or defects in the original complaint, but to bring upon the record matters arising after the commencement of the suit.

EXECUTION.—*Proceedings Supplementary to.—Pleading.*—In proceedings supplementary to execution, if the affidavit fail to show some necessity for the application, it is insufficient.

SAME.—*Appeal.—Transcript, When Filed.— Decedents' Estates.—Statute Construed.*—Section 2455, R. S. 1881, requiring the transcript, on appeal, to be filed in the Supreme Court within ten days after filing the appeal bond, does not apply to appeals in proceedings supplementary to execution, where an executor is required to answer under section 819.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellees.

BLACK, C.—This was a proceeding supplementary to execution, instituted by the appellant, Harrison M. Dillman, against the appellees, James L. Dillman and Jonathan May, executor of the will of David C. Dillman, deceased.

The appellees jointly, and said executor separately, demurred to the complaint for want of sufficient facts. The demurrers were sustained, and the appellant failing to plead further, judgment was rendered against him for costs. The rulings on the demurrers are assigned as errors.

The judgment was rendered on the 28th of February, 1882.

The appellant filed an appeal bond March 1st, 1882. On the 14th of April, 1882, the transcript, with the assignment of errors, was filed in the office of the clerk of this court, and at the same time the appellees entered an appearance by their joinder in error. The cause was submitted by the appellees, upon the default of the appellant, May 23d, 1882. A brief was filed by the appellant on the 10th of July, 1882. Said executor, on the 21st of April, 1883, filed a motion to dismiss the appeal as to him, for the reason that the transcript was not filed in the Supreme Court within ten days after the filing of the appeal bond, it being supposed by his counsel that this is such an appeal as is contemplated by section 2455, R. S. 1881.

But said section is not applicable to such an appeal as this, and if it were applicable the appellees would be regarded as having waived their right to ask a dismissal thereunder. See *Hillenberg* v. *Bennett*, 88 Ind. 540.

It does not appear from the record when this proceeding was commenced. On the 23d of February, 1882, the appellant filed an amended complaint and a supplemental complaint. The former alleged, in substance, that in an action brought by the appellant against the appellee James L. Dillman, in the court below, at its November term, 1881, appellant "recovered judgment for $512.22, upon which an execution against the property of said James L. Dillman, a resident of said county, was duly issued and remains in the hands of the sheriff of said county unsatisfied; that the said Jonathan May is a resident of said county, and as executor of the will of said David C. Dillman has property in his possession, belonging to the said James L. Dillman, to wit: that under the provisions of the said will the said James L. Dillman was bequeathed and devised an undivided one-half of an undivided two-thirds of" certain real estate described, in Monroe county, "which the said Jonathan May, as such executor, is, by the terms of said will, authorized and directed to sell in such manner as he may think proper, and divide the proceeds thereof between the legatees of said will, the interest of James L.

Dillman being one-half of two-thirds thereof; that the personal property of said Dillman, deceased, will be about sufficient to pay the debts and legacies of said decedent, leaving to the said James L. Dillman, in the hands of said executor, from the proceeds of the sale of said real estate, about $900, which, together with the amount already in the hands of the said James L. Dillman subject to be claimed as exempt from execution, exceeds the amount exempt by law from execution." Prayer for an order requiring said executor to appear and answer "concerning said property and said indebtedness, and that he be required to pay the money which may come into his hands from the sale of said property, and belonging to said James L. Dillman, in satisfaction of said execution."

In the supplemental complaint, it was alleged that since the filing of the original complaint and the commencement of this action, said May, as such executor, had sold the lands described in said complaint to one Henry F. Dillman for $2,-800, " which sum he now has in his hands in cash and solvent notes ;" that since the bringing of this suit said May " has been appointed and now is the executor of the will of Elizabeth Dillman, deceased; that the said James L. Dillman is also a legatee under said will of said Elizabeth, and said May, as her executor, has in his hands, belonging to the said James L., about $100; that the said judgment mentioned in the original complaint remains unpaid and unsatisfied; that the execution thereon remains in the hands of said sheriff unsatisfied; and that the amount due said James L. Dillman from said $2,800, after payment of debts and expenses of administration, will amount to about $600, which, together with said $100, and the amount already in the hands of said James L., subject to be claimed as exempt from execution, exceeds the amount exempt by law from execution." Prayer for an order requiring "said Jonathan May, executor as aforesaid of said David C. and Elizabeth Dillman, deceased, to appear and answer concerning said indebtedness, and that he be required

to pay the money which may come into his hands, belonging to said James L. Dillman, in satisfaction of said execution."

The amended complaint and the supplemental complaint were separately verified by affidavits of the same date.

Under the recent rulings of this court, before the adoption of the code of 1881, it was held that in such a proceeding as this issues of fact might be formed, and a jury trial might be had as a matter of right, and that the application for an order, or affidavit, constituted a complaint, the sufficiency of which might be tested by demurrer. *Banty* v. *Buckles,* 68 Ind. 49; *Abell* v. *Riddle,* 75 Ind. 345; *Kissell* v. *Anderson,* 73 Ind. 485.

By section 822, R. S. 1881, it is now provided that all proceedings, "after the order has been made requiring parties to appear and answer, shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses. But the sufficiency of the order and of the affidavit first filed by the plaintiff may be tested by demurrer or motion to dismiss or strike out the same."

If the complaint and the supplemental complaint should be treated as in an ordinary civil action, and if the former were found to be wholly without equity, so that no valid judgment could be rendered upon it, the action could not be sustained by the filing of the latter, founded upon matters arising after the commencement of the suit; for the office of a supplemental complaint is not to supply facts which, being necessary to the maintenance of the action, have been omitted from the original complaint, but is to bring into the record new facts, so that the court may render its final judgment upon the facts existing at the time of its rendition.

Whether the two verified applications should be so treated, or, without regard to the names by which they are therein designated, they should be examined together as to the sufficiency of the facts stated in both of them, as if those facts were stated in one affidavit, need not be decided, for we think

that whether taken singly or together they do not set forth sufficient facts under the statute.

Proceedings supplementary to execution are provided for by section 815, *et seq.*, R. S. 1881. To entitle himself to the relief afforded under this statutory and summary proceeding, the judgment creditor must have a need to resort to it for the satisfaction of his judgment. In all cases an execution must have been issued. Where the proceeding is against the judgment defendant alone, the execution must have been returned unsatisfied in whole or in part (section 815), or after the issuing of an execution an affidavit must be filed to the effect that the judgment debtor has property described, which he unjustly refuses to apply toward the satisfaction of the judgment (section 816). If the purpose be to reach property of the judgment debtor in the possession of another person or corporation, or any debt due to the judgment debtor, there must have been an execution issued, which may or may not have been returned, and there must be an affidavit that such person or corporation " has property of such judgment-debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law " (section 819).

It was alleged here that an execution had been issued, which was still in the hands of the sheriff unsatisfied. It was not alleged that the judgment debtor had property described, which he unjustly refused to apply toward the satisfaction of the judgment. It was intended to institute the proceeding under section 819. It was not made to appear that the judgment defendant had claimed any property as exempt from execution, or that he had no property subject to execution, or that he had not sufficient property subject to execution to satisfy the judgment. It is alleged that the effects sought to be reached, together with the amount already in the hands of the judgment defendant, *subject to be claimed*

as exempt from execution, exceed the amount exempt by law from execution. Exemption is a privilege which is waived by not claiming it. The judgment was for $512.22. It does not appear what amount the execution defendant would be entitled to claim as exempt, whether $300 or $600. It may have been, consistently with the averments of the verified application, that the execution defendant had in his hands property which he had not refused to apply upon the judgment, and which he had not claimed as exempt, sufficient to satisfy the execution upon which no return had been made, but which was still in the hands of the sheriff.

As this insufficiency of the affidavit will require affirmance of the judgment, we will not examine the question as to the sufficiency of either or both of the verified complaints, in other respects, to require an executor to answer.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

Petition for a rehearing overruled.