### W. L. WHITE v. ANN JONES et als.

### *Costs.*

Where there is a fund in Court, which is afterwards adjudged to belong to the plaintiff, and pending the controversy an order is made allowing a reference fee in the cause, which is paid out of the fund, and the final judgment is against the defendant for all of the costs, this sum so paid, is properly taxed in the costs, and must be paid by the defendant.

Motion in a cause pending in the SUPREME COURT, heard at February Term, 1886, thereof.

The facts appear in the opinion.

*Messrs. R. F. Armfield* and *John Devereux, Jr.*, for the plaintiff.

*Mr. D. M. Furches*, for the defendants.

SMITH, C. J. At the last Term of this Court, upon the coming in of the report of the Clerk, William H. Bagley, to

whom it was referred to reform and correct the account before made out, in accordance with the rulings thereon, it was adjudged, that upon the payment into the office, of the sum of $4,049$\frac{20}{100}$, ascertained to be in the hands of the receiver, the Clerk pay over to the plaintiff W. L. White, $2,845 $\frac{13}{100}$, and to the defendant Jesse Bledsoe, $1,204 $\frac{07}{100}$, first deducting the costs which may be due by each, from his share, " in this Court, or the Superior Court of Wilkes county, in this action." An allowance was therein made of $25 to the Clerk for his report, and it was further adjudged that the said Jesse Bledsoe also pay the costs of the plaintiff's appeal.

There had been allowed to M. L. McCorkle, the former referee, the sum of $150, for his services in executing an order of reference, which was paid out of the fund, and should according to the final judgment, have been paid by the said Bledsoe, and this done by deducting that amount from his share, to replace the moneys so paid, and this would be accomplished by leaving that sum in the office, to enlarge the plaintiff's share. We so adjudge, and direct this to be done. The plaintiff's motion to this effect is allowed.

Motion allowed.