No. 432.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* ETZLER, EXECUTRIX.

APPEAL.—*When Governed by Decedents' Estates Statute.*—The sections of the statute concerning decedents' estates relating to appeals are applicable only to appeals from decisions rendered in proceedings provided for in that statute, and have no relation to cases prosecuted independently of that statute.

From the Washington Circuit Court.

*E. C. Field, C. C. Matson* and *W. S. Kinnan,* for appellant.

*H. Morris,* for appellee.

BLACK, J.—This was an action commenced by George J. Etzler against the appellants, to recover damages for the killing of one animal and the injuring of another by the locomotive and cars of the appellant, being an action under the statute, section 4025 *et seq.,* R. S. 1881, the complaint alleging that the animals went upon the railroad track at a point where it was not securely fenced.

After the commencement of the action, the appellee, in August, 1889, filed a supplemental complaint and a second paragraph of complaint, alleging in each the death, in 1889, of the plaintiff, said George J. Etzler, testate, at Washington county, Indiana, and that the appellee was the duly appointed, qualified and acting executrix of his will, said supplemental complaint being, like the original complaint, based upon the statute, and said second paragraph alleging said killing and said injury to have been done through negligence.

Thus, the appellee became a party and continued the action under the provisions of section 271, R. S. 1881.

Issues were formed, the trial of which, by the court, resulted in a finding for the appellee. From the judgment thereupon rendered for the appellee this appeal was taken.

The judgment was rendered on the 2d of January, 1891, and the transcript was filed in the office of the clerk of this court on the 6th of May, 1891, the appeal being perfected as provided in section 640, R. S. 1881, being section 635 of the civil code.

The appellee has moved to dismiss the appeal, assigning as reasons that the appeal bond was not filed within ten days after judgment; that the transcript was not filed within ten days after the appeal bond was filed and within twenty days after judgment; and that the transcript was not filed within thirty days after judgment.

The motion to dismiss raises the question whether the appeal could be taken under the provisions relating to appeals in the civil code, or should have been taken in the manner specially provided in sections 2454 and 2455, R. S. 1881, being sections 228 and 229 of the act relating to decedents' estates, the motion being framed apparently with reference to the provisions of said section 2455 as enacted in 1881, and also as amended in 1885. Acts of 1885, p. 194.

These sections of said statute concerning decedents' estates are applicable only to appeals from decisions rendered in proceedings provided for in that statute, and have no relation to such a case as the one at bar. *Walker* v. *Steele*, 121 Ind. 436; *Koons* v. *Mellett*, 121 Ind. 585; *Dillman* v. *Dillman*, 90 Ind. 585; *Wright* v. *Manus*, 111 Ind. 422; *May* v. *Hoover*, 112 Ind. 455; *Simmons* v. *Beaget*, 125 Ind. 362.

The appellee's motion to dismiss the appeal is overruled, at her costs.

Filed June 26, 1891.