Reinhakd, J,
The appellee sued the appellant, in the Posey Circuit Court, for damages alleged to have been sustained by him from a personal injury received by falling through a bridge while attempting to cross the same with a traction engine.
To the complaint, which is in one paragraph, the appellant filed an answer in two paragraphs, the first of which is a general denial.
In the second paragraph of the answer the appellant averred that on the 1st day of September, 1890, the appellee filed his. claim for damages for the identical injuries sued for in this action, with the board of commissioners of Posey county, who, upon due consideration, disallowed the same and entered their judgment of dis-allowance in the proper records of said board, and that appellee has never appealed from said judgment, and did not commence this or any other action until more than-sixty days after the rendition and entering of said judgment.
A general demurrer addressed to this paragraph of the answer was sustained by the court, and an exception entered.
The venue of the cause was at this point in the proceedings changed to the court below, where there was a trial by a jury and a verdict in favor of appellee. Over the appellant’s motion for a new trial and in arrest of judgment, the court rendered judgment on the verdict.
In this court the appellant has assigned errors as follows:
1. The complaint does not state facts sufficient to constitute a cause of action. . '
2. The court erred in overruling the motion in arrest of judgment.
3. The court erred in not carrying the demurrer to the *169 second paragraph of the answer back to the complaint, and in not sustaining the same to the complaint.
4. The court erred in sustaining the demurrer to the second paragraph of the answer.
5. The court erred in overruling the motion for a new trial.
Without regard to the order in which the foregoing errors are assigned, we proceed to determine such of them as may be necessary to a correct disposition of the case.
In the first place, we may say that we are of opinion that the court correctly concluded that the second paragraph of the answer was bad. It is true that under the law all claims against a county must be presented for allowance or rejection to the board of commissioners before an action can be maintained thereon in the circuit court. Bass Foundry and Machine Works v. Board, etc., 115 Ind. 234; Board, etc., v. Creviston, Admr., 133 Ind. 39.
When any such claim has been presented "and disallowed, in whole or in part, the claimant may take an appeal to the circuit court within thirty days. R. S. 1894, section 7858.
This is a remedy given him by the statute, if he feels himself aggrieved by the action of such board. But it is not his only remedy. He may waive,his right to an appeal entirely, and proceed against the county by complaint and summons in the circuit or superior court. This action is in no sense a part of the same proceeding had before the board in the presentation and rejection of' the claim, but is wholly separate and independent thereof. The presentation of the claim before the board is a condition precedent to the right to maintain a suit upon the claim, but the new action is not a continuation of such proceeding. The filing of the claim with the board *170 is in the nature of a demand upon such board to pay-such claim.
We are unable to agree with appellant’s counsel that the new action, if resorted to, must be brought within the time prescribed for taking an appeal from the decision of the board. No authority is cited in support of such a construction and we know of none.
The position that the statute requiring the claimant to first present his claim to the board for allowance or rejection is one of limitation is not tenable. The statute requiring such claim to be presented to the board prior to the commencement of a suit therefor contains no such restriction as is here contended foro R. S. 1894, section 7856.
If it had been the intention to limit the institution of independent actions upon such claims to thirty days after their rejection by the board, we can conceive of no useful purpose that could be subserved by allowing such an action as this to be brought at all, for it would give the claimant no better or even materially different remedy than that of the appeal. If it be said that he would, thus be enabled to pursue his remedy without being required to file an appeal bond, we reply that if this was the only object sought to be accomplished, the Legislature could easily have provided that an appeal might be taken by the claimant without filing a bond. But we do not think the purpose of the act which requires such claims to be presented to the proper board by the claimant before he can maintain an action upon the same was to limit the time within which such actions must be commenced, but to enable the county to avoid expensive litigation, or the costs and annoyance of a lawsuit, by affording the board an opportunity to discharge or settle the claim, if found correct, without such suit. Bass Foundry and Machine Works v. Board, etc., supra.
*171 It simply casts upon the claimant the duty of making a demand of the board and meeting with a refusal, in an official way, before he will be allowed to institute an action on his claim.
Having reached the conclusion that the court committed no error in sustaining the demurrer to the second paragraph of ¿he answer,'let us next inquire whether the demurrer should have been carried back to the complaint and sustained to it. This is the question raised by the third specification of error, and necessarily involves the determination of the sufficiency of the complaint.
That a complaint may be tested by a demurrer to the answer as well as by a demurrer addressed to the complaint directly, there can be no doubt under the authorities. A demurrer searches the entire record within its range. This embraces not only the pleading to which it is addressed, but every other pleading antecedent to it, and which is affected or influenced ‘by the pleading demurred to, and it becomes the duty of the court, in such an. instance, to sustain the demurrer to the first bad pleading found in the record preceding the demurrer. This proposition, we think, is fully supported by the cases in our own State. Haymond v. Saucer, 84 Ind. 3; Gould v. Steyer, 75 Ind. 50; Ætna Ins. Co. etc., v. Baker, 71 Ind. 102; Batty v. Fout, 54 Ind. 482; Nelson v. Blakey, 47 Ind. 38; Kretsch v. Helm, 45 Ind. 438; Hain v. North Western Gravel Road Co., 41 Ind. 196; Lytle v. Lytle, 37 Ind. 281; Menifee v. Clark, 35 Ind 304.
Nor can a pleading which would be obnoxious to a demurrer addressed to it in the first instance meet with a better fate when the demurrer is addressed to a subsequent pleading, and carried back to the first defective one. The complaint here can no more be aided by the verdict than if it had been assailed by a demurrer coming *172 from the defendant, and addressed to the complaint itself, for in either event the pleading is attacked by demurrer, and if the demurrer be erroneously overruled the error occurred before there was any verdict, and it can not be held that the defect is waived by failure to demur. As was said by the Supreme Court in Menifee v. Clark, supra, where a demurrer had been filed to a bad reply but not carried back and sustained to a bad answer: “If the demurrer be interposed at a later stage of the pleading, the objection is taken by the demurrer just as effectually as if it was addressed to the answer, and put on file by the plaintiff. The demurrer brings in review the whole series of pleading in all its preceding stages, and the court must give judgment against the party who has committed the first available fault. This was the well known practice or rule of-pleading in use at the time of adopting the code; it has been held to apply, under the code, with reference to a defective complaint, even where the demurrer is to the reply, and we see no reason for a different rule with reference to a defective answer.”
Was the complaint sufficient to withstand the demurrer? The manifest theory of the pleading is that the appellee is entitled to recover for the appellant’s negligence in failing to repair a defective bridge, with notice of the defect.
The averments of the complaint upon the question of appellant’s negligence are, “that at the time of said accident said bridge was unfit for public use; that the timbers and materials thereof were, and for a long time had been weak, defective, and out of repair, and were nót of sufficient strength to enable the traveling public to pass over the same without serious risk, peril and danger, which weakness, defect and unsafe condition were to the de *173 fendant made known before the bridge broke down, and were to the plaintiff wholly unknown.”
Had the complaint charged that the weakness and defect of the materials were owing to defective or negligent construction of the bridge in the inception, possibly the complaint would be good without an averment of notice. Or had the complaint in terms charged notice or knowledge on the part of the appellant, without limiting it to the time “before the bridge broke down,” such averment might be supported by proof that the bridge was so defective and for such a length of time that the appellant became chargeable with knowledge or notice. But here the appellee recognizes the necessity of averring some notice to the county, as the other averments are not sufficient to show that the appellant was bound to take cognizance of the defects. Unfortunately, however, the allegation of the notice is insufficient in failing to show that it had been given or that the unsafe condition of the bridge had been brought to the knowledge of the appellant a sufficient length of time before the accident to have enabled it to make the necessary repairs. For aught the complaint avers, the notice may have been given or the knowledge received on the same day on which the accident happened. We regard this omission as fatal to the complaint. See Town of Monticello v. Kennard, 7 Ind. App. 135, and authorities there cited on the question of notice. Doubtless the learned court that passed upon the demurrer to the answer did not have its attention specifically directed to this vice in the com-plaint. But under the well-established rules which require the demurrer to be carried back and applied to the complaint to -which the answer is directed, we have but -one duty to perform and that is to reverse the judgment, with directions to the court below to carry the demurrer back to the complaint and to sustain it to the complaint.
*174 Filed March 28, 1894;
petition for rehearing overruled Nov. 27, 1894.
Nor do we think we are relieved of that duty by the authority of Fuller v. Cox, 135 Ind. 46, which the appellee's learned counsel cites in support of the position, that although the complaint was defective the defect was cured by the verdict. We do not think it was intended by that case to establish a rule to the effect that although a demurrer to a complaint has been erroneously overruled the error may be cured by the verdict or finding, and the opinion in the official reports will make this more clearly to appear. In the present case, however, the verdict in nowise tends to cure the defect in the complaint, even if the rule contended for were to obtain. The jury, with their general verdict, returned answers to several interrogatories. In these it is found in substance that the bridge was defective at the time of the injury, and it is further found by the jury that the evidence failed to show the length of time of such defective condition. To the interrogatory whether the board had any notice of the defective condition of the bridge prior to the time of the injury, the simple answer is “yes,” and in no other answer is it indicated or found how long before the injury the appellant had such knowledge or notice. In the view of the record most favorable to the appellant, it is not made to appear that the appellant had either actual or constructive notice of the condition of the bridge for a sufficient length of time prior to the accident to have enabled it to prevent the injury. There was no special finding, therefore, which can be said to have cured the defect in the complaint.
Judgment reversed.