Filed February 12, 1896.

---

No. 17,681.

GILLILAND ET AL. *v.* MILLIGAN ET AL.

NEW TRIAL.—*As of Right.—Writ of Assistance.*—A motion or petition for a writ of assistance for the possession of land, is not such an action as entitles a party to a new trial as matter of right, under section 1076, R. S. 1894.

From the Marion Superior Court.

*Herod & Herod,* for appellants.

*H. J. Milligan,* for appellees.

MONKS, J.—It appears from the record that Anna A. Milligan recovered a judgment and decree of foreclosure against appellants on the 12th day of April, 1893, in the superior court of Marion county.   Afterwards appellees filed a petition in said cause. in said

court, by which it was shown that the real estate described in said decree of foreclosure was sold on said decree by the sheriff of the county to Joseph Milligan, who afterwards died intestate before the year for the redemption of said real estate had expired, leaving as his only heirs the appellees; that he left no debts which were not paid in full, and that after the expiration of the year for redemption from sale, the said real estate not having been redeemed, the sheriff conveyed the same to appellees; that appellants, who were defendants in the proceeding to foreclose said mortgage, refused to surrender possession to appellees, though possession had been demanded by appellees. Prayer for an order upon appellants to surrender possession of said real estate, and that a writ of assistance issue to the sheriff, commanding him to put appellees in possession of said real estate. Notice of said petition was served upon appellants, who appeared to the proceedings and filed a general denial to the petition.

The application was tried by court, November 15, 1894, and an order entered commanding appellants to surrender possession of said real estate to appellees, and that a writ of assistance issue to the sheriff, commanding him to put appellees in possession of said real estate.

Afterwards, on May 28, 1895, appellants filed a motion for a new trial of said cause as a matter of right, and also filed an undertaking with surety as required by law. This motion was overruled by the court, to which ruling of the court appellants excepted at the time.

The only error assigned is that the court erred in overruling appellants' motion for a new trial as of right.

Writs of assistance were awarded by courts of

chancery, in execution of final decrees. Having decreed a sale and conveyance of real estate, it was considered necessary, in order to give the purchaser the full benefit of his purchase, to put him in possession. This the courts of chancery did as a full enforcement of its judgment and as an incident to the relief given by its decree. The exercise of the power of issuing such writs rested in the discretion of the court, and was never exercised in cases of doubt, nor under color of its exercise was a question of legal title held or determined. The court would not, in such summary way, settled contested legal rights. In such cases the motion for the writ was denied and the party left to his action at law. *Thomas* v. *DeBaum*, 14 N. J. Eq. 37; *Schenck* v. *Conover*, 13 N. J. Eq. 227; 78 Am. Dec. 95, and note 101; *Van Meter* v. *Borden*, 10 C. E. Green, 414; *Barton* v. *Beatty*, 28 N. J. Eq. 412; *Valentine* v. *Teller*, 1 Hopkins, Ch. 480; *Stanley* v. *Sullivan*, 71 Wis. 585; 5 Am. St. Rep. 245, and cases cited in note on page 250; Freeman Execution, section 37a; 2 Daniel, Ch. 1062, note 3, and cases cited; see 2 Ency. Pl. and Prac., 975–986, where this question is fully considered and the authorities collected.

It follows, therefore, that a motion or petition for such writ is not such an action as entitles a party to a new trial as a matter of right, under section 680, R. S. 1881 (section 1076, R. S. 1894).

No question is presented concerning the power of the courts in this State to issue writs of assistance, as was done in this proceeding. There is no available error in the record.

Judgment affirmed.

Filed February 12, 1896.