Roach *et al. v.* Clark.

---

## ROACH ET AL. *v.* CLARK.

[No. 18,112. Filed Dec. 15, 1897. Rehearing denied March 18, 1898.]

APPEAL.—*Decedents' Estates.*—Where the remedy sought by or against a decedent's estate is not provided by the probate procedure act, but must be enforced under the civil code, an appeal is governed by the civil code, and need not be within forty days, as provided by section 2610, Burns' R. S. 1894. *p. 96.*

WRIT OF ASSISTANCE. — *When Should Not Be Granted.*— Plaintiff filed his petition for a writ of assistance to obtain possession of lands sold to him at administrator's sale. Defendant filed a cross-action to quiet title. to which plaintiff answered alleging matters of estoppel *in pais* against defendant to assert his claim of title. *Held,*

that the cross-demand and answer thereto departed from the theory upon which the application for the writ could rest, and, when filed, the writ should have been denied.   *pp. 97-99.*

From the Elkhart Circuit Court.   *Reversed.*

*J. D. Osborne* and *A. S. Zook,* for appellants.

*Anthony Deahl,* for appellee.

HACKNEY, J.—The appellee instituted this preceeding, by petition, for a writ of assistance to place him in possession of an eighty acre tract of land alleged to have been purchased by him at a sale by an administrator upon an order of the court below.  Thomas W. Roach, responding to the petition, alleged that the decedent, who died the owner in fee simple of said real estate, left him surviving as her widower; that she left no debts contracted before her marriage to him; that he became and continued the owner in fee of one-third of said lands undivided and as tenant in common with other heirs of the decedent; that the appellee's claim of title rested upon proceedings by said administrator to sell said lands to pay debts of the estate of said decedent; that to said proceeding he was a party, but the only allegation as to him in the petition to sell was that he was an heir of the decedent; that he was duly summoned, and made default, and that no issue was made or tried as to him excepting that which arose upon the allegation that he was an heir; that Clark acquired and owns two thirds of the land, undivided, and that he, appellant, owns the remaining third, Clark claiming to own the whole.   The prayer was for a denial of the writ, for the quieting of his title to a one-third interest in fee in said lands, and for partition.   To this pleading the appellee filed what he termed a reply, in which he set forth that, in the year 1893 Francis E. Baker had owned said lands, and had sold and con-

veyed them to the decedent, no part of the consideration for the conveyance having been paid, but that she had executed her notes for $5,350.00, and had secured them by a mortgage on said lands, in which her husband, said appellant, had joined; that Baker had filed his claim against said estate, and which had been allowed by the administrator, with the knowledge of said appellant; that the appellant had sought a loan to pay said mortgage. It is alleged, further, that said appellant knew that the petition sought to sell the entire tract; that the order of the court was to sell the entire tract free from liens; that the notice was so to sell; that the appellee believed that he was purchasing the whole; that the deed described the whole, and that the court approved the sale of the whole, he, said appellant, having been present at each of said steps in the sale with such knowledge, and asserting no claim to any interest in said lands; that the appellee would not have bid the sum paid by him, to wit: $5,000.00, for the two-thirds of said land, and would not have bid upon the whole, nor paid the purchase money and received the conveyance, if appellant had at any of said steps asserted a claim to any part of said lands. The purchase-money notes and mortgage of the decedent are exhibited, the petition to sell is made part of the pleading by reference, and the order of sale and deed are filed also as exhibits. A demurrer to this reply was overruled, and exception reserved, and that ruling is assigned as error. A trial resulted in a special finding by the court, with conclusions of law, holding (1) appellee estopped to assert title through the lien of the mortgage; (2) appellant estopped to assert title or right by reason of his acts; (3) appellee entitled to the writ of assistance. The appellant, Roach, assigns as error also the second and third conclusions stated, and the appellee

assigns by way of cross-error said first conclusion of law.

The appellee moves to dismiss the appeal for the reason that it was not perfected within forty days from the rendition of judgment. This motion is made upon the theory that the proceeding was connected with the settlement of an estate, in that it was to make effective the sale by the lower court in the exercise of its probate jurisdiction, and that since appeals in matters connected with a decedent's estate must be taken within forty days, as provided by statute, sections 2609, 2610, Burns' R. S. 1894, therefore the appeal must be dismissed.

Where the remedy sought by or against an estate is not provided by the probate procedure act, but must be enforced under the civil code, the appeal is not under sections 2609, 2610, *supra*, but is under the civil code. *Simmons* v. *Beazel*, 125 Ind. 362; *Walker* v. *Steele*, 121 Ind. 436; *Koons* v. *Mellett*, 121 Ind. 585; *Wright* v. *Manns*, 111 Ind. 422; *May* v. *Hoover*, 112 Ind. 455; *Heller* v. *Clark*, 103 Ind. 591; *Claypool* v. *Gish*, 108 Ind. 428; *Dillman* v. *Dillman*, 90 Ind. 585; *Yearley* v. *Sharp*, 96 Ind. 469; *Hillenberg* v. *Bennett*, 88 Ind. 540; *Merritt* v. *Straw*, 6 Ind. App. 360; *Louisville, etc., R. W. Co.* v. *Etzler*, 4 Ind. App. 31; *Galentine* v. *Wood*, 137 Ind. 532; *Harrison Nat'l Bank* v. *Culbertson*, 147 Ind. 611. The remedy here invoked is not provided by the probate procedure act, but is of a purely equitable character enforcible within the chancery jurisdiction of the courts. 2 Ency. of Pl. and Pr. 975; Beach Mod. Eq. Pr., section 897; Gibson's Suits in Ch., section 628; Daniell's Ch. Pr. (6th ed.), sections 1056, 1062, 1063 and 1742; *Sharp* v. *Carter*, 3 P. Wms. 375; *Pelham* v. *Newcastle*, 3 Swanst. 289, note; *Payne* v. *Baxter*, 2 Tenn. Ch. 518; *Stanley* v. *Sullivan*, 71 Wis. 585, 5 Am. St. 245, 37 N. W. 801. As an

independent remedy, therefore, the practice must be deemed to exist under the general code, since the appeals therein provided obtain as to equitable as well as legal proceedings, where special provision is not made.   That the settlement of a decedent's estate has remote connection with the remedy, as we have seen from the authorities cited, does not control. That remote connection was not such as to require that the estate should be made a party, and the final settlement need not be delayed because of the appeal. The appeal, having been within the period prescribed by the civil code, was, we have no doubt, in time, and should not be dismissed.

The outline of the pleadings, as we have shown, discloses an application for the writ of assistance, a cross-action to quiet title, and an answer thereto alleging matters of estoppel *in pais* against the appellant to assert his claim of title.   Upon the cross-complaint the trial court held, by its first conclusion of law, that the appellee obtained no rights as a lienor under the mortgage, the notes having been filed and allowed as a claim against the estate only, and the purchase money paid by the appellee having, with that from another source, paid the mortgage debt.   Upon the allegations of the answer to the cross-complaint the court held, by the second conclusion, that the appellant, by acts *in pais*, had estopped himself to assert the title claimed by him.   By the third conclusion the court held that the writ should issue.

The sufficiency of the answer, called a reply, and the correctness of the second and third conclusions of law, are pressed upon us, and involve inquiries, as they seem to us, remote from the proper or possible scope of a proceeding for the writ of assistance. "It is commonly declared that the issuance of a writ of assist-

ance rests in the sound discretion of the court, and that it is used only when the right is clear, when there is no equity or appearance of equity in the defendant, and when the sale and proceedings under the decree are beyond suspicion; and it is certainly not customary to issue the writ where there is a *bona fide* contest as to the right to the possession of the land under the sale, or where the rights of the respective parties have not been fully adjudicated in the principal suit." 2 Enc. Pl. and Pr., 980; *Van Meter* v. *Borden*, 25 N. J. Eq. 414; *Schenck* v. *Conover*, 13 N. J. Eq. 220, 78 Am. Dec. 95; *Hooper* v. *Yonge*, 69 Ala. 484; *Blauvelt* v. *Smith*, 22 N. J. Eq. 32; *Thomas* v. *De Baum*, 14 N. J. Eq. 37; *Wiley* v. *Carlisle*, 93 Ala. 238, 9 South. 288; *Barton* v. *Beatty*, 28 N. J. Eq. 412; *Knight* v. *Houghtalling*, 94 N. C. 411; *Frazier's Admrs.* v. *Beatty*, 25 N. J. Eq. 343; *Stanley* v. *Sullivan, supra; Ramsdell* v. *Maxwell*, 32 Mich. 285; *Flowers* v. *Brown*, 21 Ill. 270; *Hayward* v. *Kinney*, 84 Mich. 591, 48 N. W. 170.

The holding of the lower court was not that the appellant was estopped by the proceeding to sell, as an estoppel by record or decree, nor by the allowance of Baker's claim against the estate, but by acts *in pais.* Upon this holding, the writ was ordered not because the proceeding and sale, in probate, were beyond suspicion, or were fully adjudicated, nor because there was no appearance of equity in the appellant's claim of title, but it was ordered upon independent proceedings, in the nature of an action at law to quiet title, and upon the concession of title originally, but which had been lost by acts *in pais.* The application for the writ of assistance could never have been recognized to supply a remedy to quiet title concurrent with the statutory remedy. It was designed rather as a summary remedy for the enforce-

---

ment of a right already determined by a court of equity, and which determination one of the parties refuses to recognize, and the other may enforce without resort to a new suit or action.    But, where the rights of the parties have not been so determined as to render further litigation necessary, the application for the writ may not be the basis of such further litigation. The necessity appearing, upon application for the writ, the court will deny the writ, and the parties will be left to the forum having jurisdiction of the question unsettled.

The cross-demand and the answer thereto departed from the theory upon which the application for the writ could rest, and, when filed, the writ should have been denied.    The error, therefore, in granting the writ, should be carried back to the application, and intermediate proceedings should be vacated and held for naught.    *Equitable Accident Ins. Co.* v. *Stout*, 135 Ind. 444, 457.    The judgment is reversed, with instructions to sustain the demurrers to the reply and answer, and to deny the writ.