[Civil No. 4286. Filed February 24, 1941.]

[110 Pac. (2d) 554.]

CARRE BURNEY, Appellant, v. JOHN C. LEE and BESS McGINNIS LEE, His Wife, Appellees.

Mr. Elmer Graham and Mr. V. L. Hash, for Appellant.

Mr. John W. Ray, for Appellees.

McALISTER, J.—This is an action by John C. Lee and wife against Carre Burney to gain possession of Lot 1, Section 19, Township 3 N., Range 3 E., G. & S. R. B. & M. located in Maricopa County. They allege that they are the owners of this property in fee

simple and that defendant has kept them out of possession thereof without compensation since May 24, 1938, to their damage in the sum of $75 per month for its use and occupation since that time.

The answer denies that plaintiffs are the owners or entitled to the possession of the premises or that she has unlawfully kept them out of possession, and alleges that on June 1, 1937, she bought the property from one Alice Luther under a contract of purchase which was that day placed of record in the office of the county recorder of Maricopa County and that she has since been in lawful possession thereof.

On February 5, 1940, the day of the hearing, plaintiffs filed a motion asking that a writ of assistance issue directing the sheriff of Maricopa County to enter upon the property in question, eject therefrom the defendant, and place plaintiffs in the peaceable possession thereof. This motion was granted the following day and it is this order as well as the one denying her motion for a new trial that the defendant has brought here for review.

In granting the writ of assistance the court acted solely upon the record of two former decisions of the superior court of Maricopa County, causes No. 44643 and No. 46685. An examination of the record in these cases discloses that on September 6, 1934, M. E. Miller and Bessie L. Miller, his wife, being then the owners of the property in question, sold and deeded it to Roy Hodson and three others and that on March 30, 1936, they conveyed it to Alice Luther, a widow, and stepdaughter of M. E. Miller; that on June 1, 1937, Alice Luther and the defendant, Burney, entered into a contract by which the former agreed to sell and the latter to purchase it for $6,500; that Burney then paid $300 of this amount and went into possession, the balance to be satisfied in monthly installments of $100.

On April 14, 1937, about six weeks before Luther sold the property to Burney, John C. Lee brought an action in the superior court of Maricopa County against M. E. Miller and Bessie L. Miller, cause No. 44643, to recover around $5,000 for money loaned and attorney's fees, both of which were past due, and at the same time caused a writ of attachment to be issued and levied on the premises in question as the property of M. E. Miller and wife. On February 26, 1938, the court rendered judgment in that cause for the plaintiff in the sum of $4,735.86, plus interest, and ordered the attachment lien foreclosed and the property sold to satisfy the judgment. At the sheriff's sale on May 24, thereafter, Lee purchased the property and immediately afterwards notified Burney that he was the owner and demanded rent from her, but she refused upon the ground that she had bought the property under a contract of purchase from Alice Luther and was in lawful possession. Some time after the redemption period expired a sheriff's deed was delivered to Lee upon his payment of $453.86 in taxes then due on the property for five and one-half years, beginning with the year 1934.

After Lee recovered judgment in cause No. 44643 against the Millers and the property had been sold pursuant to the order foreclosing the attachment lien, Burney declined to make further payments on the purchase price because she feared that Luther would not be able to furnish her a good title, so on October 8, 1938, Luther brought an action against Lee in the superior court of Maricopa County, cause No. 46685, asking that she be awarded $5,000 damages for his unlawful interference with her property in causing a writ of attachment to be issued and levied thereon and in procuring a foreclosure of the attachment lien and the sale of the property as that of the Millers.

Lee answered with a cross-complaint in which he alleged that he purchased the property on May 24, 1938, at sheriff's sale, was the owner thereof subject to the right of redemption, and that the cross-defendant, Alice Luther, made some claim adverse to him but upon information and belief he alleged that she had no interest of any character in the property though she made a claim thereto for Bessie L. Miller, her mother, and M. E. Miller, her father by marriage, who were the judgment debtors in the judgment upon which the sheriff's sale was made. His prayer was that his estate in the property be established and that Luther be forever estopped from claiming any right or title adverse to his. Six months later Lee filed an answer in which he alleged in substance that through an agreement with Hodson and the other owners the Millers repurchased the property from them but that they had it deeded to Alice Luther instead of to them to defeat a judgment that had been theretofore rendered against them by the superior court and affirmed by this court, and, also, to hinder and delay the payment of the amount they owed the defendant, then in excess of $5,000; that Luther paid no consideration for the property; that the Millers attempted to sell it to defendant, Burney, on June 1, 1937, and received the proceeds from such attempted sale.

Later Luther filed an answer to the cross-complaint in which she alleged that Lee, prior to the sale of the property by the sheriff, knew it was hers and not the property of the Millers, but, notwithstanding this knowledge, he caused the sheriff to levy on it and sell it as their property.

Some time after the hearing the court rendered the following judgment:

"This case having heretofore been taken under advisement, it is ordered by the court for judgment in favor of the defendant against the plaintiff.

"That plaintiff take nothing by her complaint and that the defendant recover his costs.

"It is further ordered by the Court for judgment in favor of the plaintiff and against the defendant that the defendant take nothing by his cross-complaint."

■■ If either of these decisions authorized the granting of the writ of assistance, the action of the court in doing so was proper but if they did not it was erroneous for, as stated above, its action was based solely on them, no other evidence being admitted. Appellant contends that the record in neither of these cases justified the order, and in the assignments she challenges the action of the court in granting it upon the ground that "a writ of assistance must necessarily be based upon some judgment or some decree or upon some proceeding which binds the party against whom it is sought," and that the plaintiffs failed to establish their ownership of the property or their right to its possession in either of these suits. "The writ of assistance," to use the language of 4 Amer. Jur., p. 440, "is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated, as a means of enforcement of its decree, instead of turning the party over to a court of law to recover such possession. It performs the same office in a suit in equity as an execution in an action at law, being nothing more than the process by which the court of equity finally carries its judgment or decree into effect." The writ issues only where the ownership or right to possession has been fully determined by a judgment or decree. *Roach* v. *Clark,* 150 Ind. 93, 48 N. E. 796, 65 Am. St. Rep. 353.

■ Was the ownership or right to possession of the premises determined in either cause No. 44643 or No. 46685? It is clear that in the first, an action by

Lee against the Millers for money due, it was not involved and could not have been. It is true the court rendered judgment for Lee and at the same time ordered the judgment lien on the premises foreclosed and the property sold to satisfy the judgment but this did not determine that the premises whose title then stood in the name of Alice Luther and had for more than a year were the property of the Millers and not hers. When he filed the suit Lee caused the writ of attachment to be issued and levied on a number of parcels of real estate as the property of the Millers, among which was that in question here, but in ordering the lien foreclosed and the property sold to satisfy the judgment the court did not determine that the property was his. So, naturally, the order foreclosing the lien and directing the sale applied only to the interest of the Millers, whatever that was, and could not have deprived Alice Luther who was not even a party to the action of her interest, if she had any. This left open the question as to who was the owner, in fact it had not been raised, so when Lee became the purchaser of the premises at the sheriff's sale he acquired no more than the Millers then had, a matter that was thereafter to be determined, provided it should be questioned by the record title holder or her grantee.

The other cause, No. 46685, was a suit by Alice Luther against Lee for damages for his action in causing her property to be attached and sold as belonging to the Millers. Lee's answer was a cross-complaint in which he alleged that he had purchased the property at sheriff's sale and was the owner thereof and his prayer was that his estate therein be established. Luther's answer to this cross-complaint denied its allegations and alleged that Lee knew, prior to the sale of the property by the sheriff, that the land was the property of Luther and not of the Millers. It

will be observed that the judgment in that cause was that "plaintiff take nothing by her complaint and that the defendant recover his costs." This was a judgment against Luther and for Lee on the question of damages but it went further and ordered "judgment in favor of the plaintiff and against the defendant that the defendant take nothing by his cross-complaint." This shows clearly that the court did not quiet title to the property in either Luther or Lee but left their rights therein just where they stood before the suit was filed.

Inasmuch, therefore, as the ownership was determined in neither case, there was no basis for the action of the court granting the writ of assistance. If the title of the Lees had been quieted in either, they would have been entitled to the writ of assistance on that determination and a resort to another action to determine that question before asking for it would have been wholly unnecessary. The fact that they did commence and prosecute such a proceeding indicates that they thought the question of title had not been previously determined. They will be entitled to the writ when and if the court with the proper parties before it quiets the title in them. This was not done in either of the previous cases, and necessarily the holding in this case, based solely upon the record in those, is without justification.

The order granting the writ of assistance is reversed and the case remanded with instructions to deny it.

LOCKWOOD, C. J., and ROSS, J., concur.