**STATE of Indiana On relation of the DEPARTMENT OF NATURAL RESOURCES, Appellant-Plaintiff,**

**v.**

**Maud McCorkle WINFREY, Auditor of Posey County, Treasurer of Posey County, Appellees-Defendants.**

**No. 1–589A137.**

Court of Appeals of Indiana, Fourth District.

May 11, 1981.

Rehearing Denied June 24, 1981.

before us is whether the trial judge abused his discretion by denying the relief requested. We affirm.

This controversy originated in 1972 as an eminent domain proceeding instituted by the State, on behalf of the Department of Natural Resources, against the appellee, Maud Winfrey. The State sought to condemn certain farm property owned by Winfrey located in Posey County, Indiana. In July of 1972 the trial court found the State was entitled to condemn and appropriate the farmland. Winfrey's damages were assessed in the sum of $37,500 by three court-appointed appraisers. Pursuant to the trial court's order, the State deposited this amount with the Clerk of the court on June 18, 1973. Winfrey filed objections to the appraisers' report and demanded a jury trial. On December 18, 1974, a jury returned a verdict in favor of Maud Winfrey in the amount of $86,000 and judgment was entered accordingly.

In April 1976 the State, still not in possession of the condemned property, filed an independent ejectment action against Winfrey. In her answer to the State's complaint for ejectment Winfrey denied the State was the owner of the land in question, denied the State had made full payment for the property, and denied the State made a proper demand on her to vacate the premises. This ejectment action is still pending in the Posey Circuit Court.

Finally, on September 20, 1979, the State applied to the trial court for a writ of assistance to gain possession of the real estate occupied by Winfrey. The State's petition requested that the trial court order the Sheriff of Posey County to remove appellee Maud Winfrey from the condemned property. On April 24, 1980, the trial court took judicial notice of the pending ejectment proceeding and denied the State's request for a writ of assistance. The State now argues the trial judge abused his discretion by denying the writ. We conclude he did not.

◼ There are two remedies for obtaining possession of real estate wrongfully

Linley E. Pearson, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

K. Richard Hawley, Hawley & Hudson, Mount Vernon, for appellees-defendants.

CHIPMAN, Judge.

The State of Indiana brings this interlocutory appeal from the denial of an application for a writ of assistance. The only issue

withheld: an action for ejectment and a writ of assistance. Before the merger of law and equity, the more formal remedy of ejectment was the legal action for the settlement of disputed claims relating to title and possession of land. *Emerick v. Miller,* (1902) 159 Ind. 317, 64 N.E. 28. Writs of assistance, however, were issued by courts of equity to enforce their decrees. *Gilliland v. Milligan,* (1896) 144 Ind. 154, 42 N.E. 1010. The writ of assistance has been useful in those cases where questions of title and right to possession have been settled by an original court decree, yet one party remains in unlawful possession of the property. Issuance of the writ avoids the unnecessary expense and delay of requiring a plaintiff to file a new law suit. In *Emerick, supra,* our Supreme Court spoke of the summary nature of the proceeding:

"A writ of assistance is a summary proceeding, and does not admit of a trial of any bona fide question as to the right of possession. Any such question that exists by reason of anything not concluded by the original decree, or that has subsequently arisen from the conduct or contract of the parties, must be determined by the ordinary action. The writ issues only when the right to possession by the petitioner is clear, and presupposes that the rights of the parties and privies with respect to the property remain the same as upon the original decree, and such as follows the decree and the sale had thereunder. *Roach v. Clark,* 150 Ind. 93, 98, 48 N.E. 796, 65 Am.St.Rep. 353, and cases cited; *Gilliland v. Milligan,* 144 Ind. 154, 42 N.E. 1010; *Barton v. Beatty,* 28 N.J.Eq. 412; *City of San Jose v. Fulton,* 45 Cal. 316, 319; *Van Hook v. Throckmorton,* 8 Paige, 33."

64 N.E. at 31. The issuance of a writ of assistance rests in the sound discretion of the trial court. *Roach v. Clark,* (1897) 150 Ind. 93, 48 N.E. 796.

In the present case the State maintains that the trial court has already determined the land should be appropriated for the public benefit, and the $86,000 jury verdict has been paid to Mrs. Winfrey to compensate her for her loss. Therefore, argues the State, there is no question concerning title or possession and the writ of assistance should have been issued. To the contrary, Mrs. Winfrey argues that a bona fide dispute does exist concerning title and possession of the land. Winfrey maintains the State did not pay the $86,000 judgment in full within one year of its rendition as required by Ind.Code 32–11–1–11.[1] Therefore, argues Winfrey, the State has forfeited all its interest in the real estate. Winfrey also maintains that regardless of the question of title, she is not to be ousted from her property until the State has complied with various provisions of the Indiana Relocation Assistance Act, Ind.Code 8–13–18–1 *et seq.*[2] Winfrey interposed all these defenses in the ejectment action still pending before the trial court.

The issue, then, is whether a bona fide dispute as to the right of possession of

---

1. Winfrey's argument concerning payment of the judgment seems to be that certain interest on the $86,000 jury verdict was not paid within the one year statutory period. IC 32–11–1–11 provides in part:

   "Should . . . the body seeking such appropriation fail to pay . . . the judgment and costs in case . . . exceptions are sustained within one year after the rendition of any such judgment, . . . such . . . body seeking such appropriation . . . shall forfeit all rights in and to such real estate or other property as fully and completely as though no such appropriation or condemnation had been begun or made."

   As the question is not properly before us, we express no opinion as to whether interest was properly allowed in this case.

2. For instance, Winfrey argues the State failed to give her proper notice to vacate the premises as she claims is required by Ind.Code 8–13–18.–5–11(5). This statute provides in part:

   "The construction or development of a public improvement shall be so scheduled that, to the greatest extent practicable, no person shall be required to move from a . . . farm operation, without at least ninety days' written notice from the agency concerned, of the date by which such move is required."

   Again, we express no opinion as to the applicability or effect of this notice provision in the present case.

the condemned property existed which justified the lower court's denial of the State's application for a writ of assistance. It was the State's burden in this appeal to demonstrate an abuse of discretion by showing no bona fide dispute concerning the right of possession. Yet the State has not seen fit to address Winfrey's forfeiture argument or the factual and legal issues concerning the alleged non-compliance with the Relocation Assistance Act. As the trial court's decision is entitled to a presumption of correctness, and as we are not inclined to address questions of law not briefed by the parties on appeal, we are in no position to disturb the trial court's discretionary ruling in this case.

Accordingly, the trial court's denial of a writ of assistance is affirmed.

YOUNG, P. J., and MILLER, J., concur.