## BERGAN v. COÖPERATIVE ICE & FUEL COMPANY
### ET AL.

[No. 6,183. Filed May 13, 1908.]

1. EVIDENCE.—*Oral.*—*Deeds.*—*Lots.*—*Alleys.*—In the absence of fraud, mistake, or uncertainty, oral evidence is inadmissible to show that the grantor of a lot did not include in his deed to such lot the land to the middle of an adjoining alley. pp. 648, 651.
2. MUNICIPAL CORPORATIONS.—*Alleys.*—*Title.*—Public alleys are governed by the law of highways. p. 650.
3. SAME.—*Streets.*—*Title.*—Frontagers have title to the middle of the street in front of their lots, subject, however, to the burden of the public easement in the street. p. 650.
4. SAME.—*Plats.*—*Lots.*—*Width.*—The width set out on the plat of lots of a municipal corporation merely indicates the number of feet which the owner may take exclusive possession of, but does not indicate that the lot does not extend to the middle of the street. p. 651.

From St. Joseph Circuit Court; *George Ford*, Special Judge.

Suit by Will N. Bergan against the Coöperative Ice & Fuel Company and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Joseph G. Orr* and *Thomas M. Hoban*, for appellant.

*Anderson, Parker & Crabill*, for appellees.

WATSON, J.—This was a suit by appellant to quiet title to a strip of land fourteen feet wide, lying between lots No.

33 and No. 34 in the original plat of the town of Lowell, now a part of the city of South Bend. Appellees Krause and the Coöperative Ice & Fuel Company disclaimed any interest in the north half of said strip of land, and entered a general denial as to the residue. Appellee Nicely disclaimed any interest in a certain portion of said land, but claimed title as to the remainder. The cause was tried by the court and a decree entered that appellant take nothing by his suit.

The sole question on appeal is whether the trial court erred in excluding certain oral evidence which was offered to prove that the parties did not intend that the land conveyed should include the land in question, which was a vacated alley. All the parties to this suit base their respective claims upon deeds executed by the heirs of Ethan Reynolds. The oral evidence sought to be admitted was to the effect that said vacated alley was not included in said conveyances, except to appellant, to whom the heirs executed a quitclaim deed of all their interest in the land in dispute.

In the original plat of the town of Lowell, now part of the city of South Bend, Indiana, an alley was established, extending from Emerick street to the hydraulic race, between lots No. 33 and No. 34, the former lot being on the north side of said alley, the latter on the south side.

The heirs of Reynolds conveyed by a warranty deed to a certain partnership the following described land:

"Lot No. 34 as shown on the original plat of the town of Lowell, now within and part of the city of South Bend."

Appellee Krause took the same land, by a like description, by warranty deed, from said partnership. Said heirs also conveyed to appellee Nicely, by warranty deed, a part of lots No. 31, No. 32 and No. 33, being the following described land:

"Commencing 218.6 feet west of the northeast corner of lot No. 31; thence south at right angles to Madison

street to the south line of lot No. 33; thence west on said south line of lot No. 33 to the east bank of the east race, 100 feet more or less, to the water's edge; thence along said east bank of the east race at the water's edge northwesterly to the northwest corner of lot No. 31; thence east on the south line of Madison street to the place of beginning. Said lots are in the original plat of the town of Lowell, now a part of said city.''

I hereby certify that the above is a true and correct copy of the original plat of the town of Lowell as applies to lots 31, 32, 33, 34, 35 and 36 of said plat.

Witness my hand and seal this 18th day of April, 1906.

    (Seal.)                                  Titus E. Kinzie,

                              Surveyor, St. Joseph Co., Ind.

The land conveyed to appellant by said heirs was described as follows:

''A part of lots No. 31, No. 32 and No. 33 in the

original plat of the town of Lowell, now part of the city of South Bend, bounded by a line running as follows, viz.: Beginning on the south line of Madison street, 218.6 feet west of the northeast corner of lot No. 31, at the northeast corner of the land heretofore conveyed to Frank P. Nicely; thence south on a line parallel with Emerick street, to the south line of said lot No. 33; thence east 218.6 feet to the west line of Emerick street; thence north 132 feet to the southeast corner of a lot owned by George W. Hull; thence west 165 feet to the southwest corner of Hull's lot; thence north 66 feet to the south line of Madison street; thence west 53.6 feet to the place of beginning, being all of lots No. 31, No. 32 and No. 33, excepting parts thereof now owned by said Nicely and Hull. And grantors also quitclaim to grantee all right, title, interest and claim that they have or might have in and to a closed or vacated alley 14 feet wide running east and west between lots No. 33 and No. 34 from Emerick street west to the east hydraulic race.''

There is no question of fraud or mistake in this case. The only point under consideration is whether the description of the land conveyed is sufficiently exact and certain, so that the particular land can be determined without resort to parol evidence. If so, there was no error by the trial court.

As shown in the original plat of the town of Lowell lots No. 33 and No. 34 abutted upon an alley extending between them their entire length.

2. An alley dedicated to public use is a public highway, and is governed by the rules pertaining thereto. Elliott, Roads and Sts. (2d ed.), §23.

Lots adjoining a public street extend to the middle line of such street. *Haslett* v. *New Albany, etc., R. Co.* (1893), 7 Ind. App. 603; *Cox* v. *Louisville, etc., R. Co.* (1874), 3. 48 Ind. 178; *Terre Haute, etc., R. Co.* v. *Scott* (1881), 74 Ind. 29; *Terre Haute, etc., R. Co.* v. *Rodel* (1883), 89 Ind. 128; *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 51 Am. Rep. 749. But although the title extends to the middle line of the street or alley there is

a burden of a public easement over that part dedicated to the use of the public.

The figures sixty-six on the original plat indicated the width of the ground which a purchaser of a lot would be entitled to take actual possession of while the street

4. or alley was devoted to public use, but the rule of law by which such purchaser took title to the center of the street was not thereby set aside. Consequently by the terms of the deeds lots No. 33 and No. 34 extended to the middle of the alley. Since the middle line of the alley was the south line of lot No. 33, appellee Nicely and appellant each took title to said line, and the remaining appellees, by virtue of the conveyance of lot No. 34, took title to the south half of said vacated alley.

That the parties to these transactions could have conveyed so as to reserve said alley is undoubted, but the fact remains that they did not do so in the deeds executed.

1. There is no uncertainty or ambiguity in the instruments of conveyance, and, therefore, the court did not err in excluding the evidence tendered.

Judgment affirmed.