BRACKNEY ET AL. *v.* BOYD ET AL.

[No. 10,062. Filed June 17, 1919. Rehearing denied December 12, 1919.]

1. APPEAL.—*Briefs.—Points and Authorities.—Waiver of Alleged Error.*—Alleged errors not contained under appellant's "Points and Authorities" are waived. p. 597.

2. MORTGAGES.—*Foreclosure.—Assistance, Writ of.—Petition.—Sufficiency.*—A proceeding for a writ of assistance to obtain possession of real estate after sale under foreclosure of mortgage is summary, being supplemental to and a part of the foreclosure proceeding and to give full effect thereto, and since it is not based on any written instrument, the petition need not set out the sheriff's deed nor a copy of the notice of the application for the writ. p. 597.

3. ASSISTANCE, WRIT OF.—*When Available.—Settled Law.*—Resort may be made to the writ of assistance when the right to possession is clear and without *bona fide* question by reason of the settled law of the state. p. 597.

4. BOUNDARIES.—*City Lots.—Streets and Alleys.—Dedication.—Title.*—A conveyance of a lot in a town or city designated by its number or other proper description, and abutting on a street or alley, carries with it in general the fee to the center of the street, and where the street or highway has been wholly made from and upon the margin of the grantor's land, such a conveyance will carry with it the fee to the whole of the street dedicated. pp. 597, 600.

5. BOUNDARIES.—*City Lots.—Mortgage Foreclosure.—Sheriff's Deed.*—The rule that a conveyance of a town or city lot carries a fee in the street adjoining is applicable to mortgages and deeds made by the sheriff upon foreclosure of mortgage. p. 598.

6. MORTGAGES.—*Foreclosure.—Judges.—Special Judges.—Assistance, Writ of.*—The powers of a special judge in mortgage foreclosure proceedings extend to putting the purchaser at the sale in possession by writ of assistance. p. 599.

7. MORTGAGES.—*Assistance, Writ of.—Pleading.—Cross-Complaint.*
—In a proceeding for a writ of assistance to put the purchaser
under foreclosure in possession, a cross-complaint seeking to quiet
the title to the real estate involved was properly stricken out.
p. 599.

From Putnam Circuit Court; *John H. James,* Special Judge.

Proceeding by Ida Cullen Boyd and Jackson Boyd for a writ of assistance on the petition of the latter, against Daniel C. Brackney and another. From a judgment for the petitioner, the defendants appeal. *Affirmed.*

*Fay S. Hamilton* and *Thomas A. Moore,* for appellants.

*Lyon & Peck* and *Jackson Boyd,* for appellees.

NICHOLS, P. J.—The appellants were the owners of lots numbers 1 to 6, inclusive, Higert's subdivision in the city of Greencastle, Indiana, and executed their mortgage thereon to the appellee Ida Cullen Boyd. After the making of said mortgage the said Higert's subdivision, including said lots, and streets and alleys abutting them, was duly vacated according to the law and the easement of the public removed therefrom. The situation is better understood by reference to the following plat:

N.

S. W. Cor. Lot. 19.

S.

Thereafter, to wit, on August 9, 1912, said appellee Ida Cullen Boyd commenced suit in the Putnam Circuit Court against the appellants to foreclose said mortgage. A change of venue was taken from the regular judge of said court, and the Honorable John H. James was appointed and duly qualified to try said cause, and upon the trial thereof entered a judgment and decree, in favor of said Ida Cullen Boyd

and against the appellants, foreclosing said mortgage.

The sheriff sold said land by virtue of the authority of a certified copy of the foreclosure judgment and decree, and the appellee Ida Cullen Boyd purchased the same at such sale and took a certificate of sale therefor, which the said appellee afterward sold and assigned to the appellee Jackson Boyd; after the expiration of the year for redemption, said land not having been redeemed, the appellee Jackson Boyd received from the sheriff of Putnam county a deed therefor, said land being described in the proceeding and in said deed by the lot numbers as originally in the mortgage.

Thereafter, when said appellee Jackson Boyd went to take possession of said lots, or such part of the same as he had not sold, appellants refused, upon notice and demand, to surrender possession thereof, and said appellee then filed his petition before the Honorable John H. James, special judge as aforesaid, to redocket said cause and for a writ of assistance, afterwards filing an amended petition describing said land therein by its lot numbers, and also describing it by metes and bounds, commencing at the southwest corner of lot No. 19 in trustee's plat, which point can be located by reference to the plat above. This description included the streets and alleys upon which said lots abutted, and which are involved in this action.

The petition prays for a writ of assistance, directing the sheriff to remove the appellants from said real estate and put the appellee in possession thereof.

Appellants appeared specially and objected to the Honorable John H. James sitting or acting as the

judge in said cause, he being the special judge sitting at the foreclosure proceeding in said cause. This objection was overruled by the court, to which ruling appellants excepted.

Appellants filed a demurrer to the amended petition, which was overruled, to which ruling the appellants excepted. Appellants filed an answer in three paragraphs to the amended petition, the first paragraph being a general denial. Appellee, petitioner (hereinafter called petitioner), filed his demurrer to the second paragraph of answer, which was sustained by the court to which ruling appellants excepted.

Petitioner filed his motion to strike out appellants' third paragraph of answer and cross-complaint, which motion was sustained by the court, to which ruling the appellants excepted.

The petition was submitted to the court for hearing, and evidence was heard for the purpose of identifying the said lots as the same real estate that was described by metes and bounds in said petition. To this evidence appellants objected, and excepted to the court's ruling in admitting it. There was a judgment that the petitioner was entitled to immediate possession of said real estate, describing the same both by lot numbers and by metes and bounds, and that the appellants be ejected and dispossessed, and that a writ of assistance be issued by the clerk of the court to the sheriff, directing him to eject and dispossess appellants from said real estate and to place the petitioner in the immediate possession thereof. After motion for a new trial, which was overruled, this appeal is prosecuted.

Appellants have assigned fourteen errors upon

which they rely for reversal, one of which is overruling their motion for a new trial, in which motion ten errors are specified. Of these alleged errors we need only to discuss such as are contained under appellants' points and authorities, as all others are waived. These in their order:

Appellants contend that said petition is not sufficient to withstand their demurrer, for the reason that it fails to set out the sheriff's deed to appellee, or a copy of the notice to appellants that application for the writ of assistance is being made. But this is not an action based upon said deed or notice, or any other written instrument. This is a summary proceeding for a writ of assistance to obtain the possession of real estate wrongfully withheld from petitioner by appellants, after their title thereto has been divested in a foreclosure proceeding, this proceeding being supplemental to and a part of the foreclosure proceeding, and to give full effect thereto. *Emerick* v. *Miller* (1902), 159 Ind. 317, 64 N. E. 28.

Under appellants' second point, they complain that the court erred in overruling appellant's motion to quash the notice and demand, and, under their third point, they complain of error of the court in overruling their motion to require the petitioner to make his petition more specific by setting out a copy of the decree of foreclosure, a copy of the assignment of the certificate of purchase showing the description of the real estate therein, and the deed from the sheriff or copy thereof. By these motions appellants undertake to show that the description of the land in the petition for a writ of assistance is not the same as in the papers and record of the original

proceeding. But the petition gives the description of the land both by metes and bounds and by lot numbers, identifying the two descriptions as of the same land, and, though appellants fail to discuss their motion for a new trial, we may add that the evidence which was properly admitted fully identifies the two descriptions as of the same land. Under these points appellants challenge petitioner's right to the possession of the parts of the vacated street and alleys upon which said lots abutted before said addition was vacated, appellants claiming still to own such vacated streets and alleys, and contending that a writ of assistance can only issue when the right to possession is clear, and that in such a summary proceeding there can be no trial of any *bona fide* question as to the right of possession. But in this case there is no *bona fide* question as to the right of possession. It is the settled law of this state that a conveyance of a lot in a town or city designated by its number or other proper description, and abutting on a street or alley, carries with it the fee to the center of the street. *Cox v. Louisville, etc., R. Co.* (1874), 48 Ind. 178; *City of Logansport v. Shirk* (1883), 88 Ind. 563, 569; *Terre Haute, etc., R. Co.* v. *Rodel* (1883), 89 Ind. 128, 132, 46 Am. Rep. 164; *Bergan* v. *Co-operative Ice, etc., Co.* (1908), 41 Ind. App. 647, 84 N. E. 833; *Western Union Tel. Co.* v. *Krueger* (1905), 36 Ind. App. 348, 74 N. E. 25; *Irvin* v. *Crammond* (1915), 58 Ind. App. 540, 108 N. E. 539.

Of course, the same rule applies to a mortgage and to a deed by the sheriff to a purchaser at the sale upon foreclosure of such mortgage. This conclusion makes it unnecessary for us to discuss appellants' fifth and seventh points, as they

each involve the same principles of law as control in disposing of appellants' second and third points.

Under their fourth point, appellants complain that the court erred in assuming jurisdiction of said petition, over the objection of the appellants, for the reason that the powers of a special judge cease after final judgment has been rendered. But the case of *Emerick* v. *Miller, supra,* which appellants have cited more than once in their brief, and which is a well-considered case, and which gives no comfort to appellants on any proposition involved in this case, is a strong authority against them on this point. The case was one in which a special judge was acting and, on its appeal, the Supreme Court asked: "Can there be any reason why the same court, in the same case, should not effectuate its decree by requiring the debtor to surrender that which the court had adjudged he should surrender?" and then, after discussion, answers the question by quoting the rule announced by Chancellor Kent, " 'that the power to apply the remedy is coextensive with the jurisdiction over the subject-matter,' " then saying that the rule is unassailable in reason. Putting the purchaser in possession is only an incident in the full enforcement of the court's decree. *Gilliland* v. *Milligan* (1896), 144 Ind. 154, 42 N. E. 1010.

Under their sixth point, appellant's complain of error in sustaining petitioner's motion to strike out appellant's cross-complaint. By this cross-complaint appellants sought to quiet the title to the real estate involved. This is a summary proceeding, and, had the court permitted the appellants to contest the title by their cross-complaint, he would have permitted a departure from the theory

upon which the application rested. The court properly struck the cross-complaint out on motion. *Roach v. Clark* (1897), 150 Ind. 93, 48 N. E. 796, 65 Am. St. 353.

We have examined all the questions presented, and find no error in the proceeding.

The judgment is affirmed.

## On Petition for Rehearing.

Nichols, C. J.—Some of the streets vacated were upon the margin of appellant's land as then owned by him and were made therefrom, and appellants contend that appellees should be restricted from going into possession of the lands embracing such streets so vacated beyond the center thereof. In the original opinion, it was held that when streets are vacated the fee thereof to the center of the street continues in the owner of the abutting land; in other words, it goes back to the grantee, immediate or remote, of the owner who dedicated it to public use. By the same principle, where the street or highway has been wholly made from, *and upon the margin of,* the grantor's land, the subsequent grant of the adjoining land should be deemed to comprehend the fee in the whole of the street so dedicated. This principle is so decided in the case of *Irvin* v. *Crammond* (1915), 58 Ind. App. 540, 108 N. E. 539, which is the case last cited in the original opinion. See, also, *Johnson* v. *Grenell* (1907), 188 N. Y. 407, 81 N. E. 161, 13 L. R. A. (N. S.) 551; *Haberman* v. *Baker* (1891), 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611.

The petition for rehearing is overruled.