## JACQUA v. HESTON ET AL.

[No. 11,729.   Filed February 21, 1924.]

1. MUNICIPAL CORPORATIONS.—*Vacation of Streets.—Effect on Boundaries of Lots.—Statute.—*Under the provisions of §8912 Burns 1914, on the vacation of a street, or part of a street, adjoining a lot or lots, by operation of law, such lot or lots are extended to include the proportionate part of the tract vacated, and a deed describing the land conveyed by the number or numbers of such lot will include the part of the street added by the vacation.   p. 146.

2. APPEAL.—*Briefs.—Appellee's Failure to File.—Effect.*—On a *prima facie* showing of error by appellant, appellee's failure to file a brief will be taken as a confession of error.   p. 146.

3  DEEDS.—*Description of Land Conveyed.—General and Specific Statements.*—A statement in a deed that it conveys a part of a certain lot is a general statement, in the nature of a conclusion, and must yield to the particular and specific description given in measurement and directions.   p. 146.

From Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Action by Judson A. Jacqua against Bettie Farris Heston and another, the named defendant filing a cross-complaint against the plaintiff.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*

*Walter F. MacGinnitie,* for appellant.

This action was instituted by Judson A. Jacqua against Bettie Farris Heston and James E. Heston, to quiet the plaintiff's title to lot 113 in the original plat of the town of South Portland (now in the city of Portland), Indiana; except the triangular portion forming the east extremity of said lot, which triangular portion is about fifty-six feet east and west.   The complaint is in the usual short form authorized by the Code.   The

defendants filed answer in general denial. Bettie Farris Heston then filed a cross-complaint against the plaintiff Judson A. Jacqua and his wife, Addie C. Jacqua, to quiet her title to a part of said lot 113 particularly described as follows: Beginning at the southeast corner of lot 114 in South Portland (now in the city of Portland)'; thence east twenty feet; thence north forty-four feet; thence west twenty feet; thence south forty-four feet to the place of beginning. Judson A. Jacqua and his wife, Addie C. Jacqua, filed answers in denial to the cross-complaint.

The special finding discloses the following material facts:

(1) That prior to November 7, 1917, the addition known as South Portland Addition to the city of Portland, Jay County, Indiana, was laid out and platted as an addition to the town (now city) of Portland, which plat was duly recorded in plat record A at page 78, of the records in the office of the recorder of Jay County; and that among other lots shown on said plat are lots 113 and 114 in said addition.

(2) That on November 7, 1917, Catherine Heddon became the owner in fee simple of said lots 113 and 114.

(3) That there was a highway, known as Bridge Street, laid out and platted, lying and abutting on the west side of said lot 114; that said Catherine Heddon, being the owner of said lot 114, filed her petition in the Jay Circuit Court, at the May term, 1911, asking that a strip Thirty-two feet in width, abutting said lot 114, in said Bridge Street, be vacated; and that, upon a hearing of her cause, the court rendered a judgment vacating that part of said street, thirty-two feet in width, abutting on said lot 114.

(4) That on December 14, 1917, Catherine Heddon conveyed to Albert Newman by warranty deed the following described real estate in Jay County, to wit:

Parts of lots 113 and 114 in South Portland Addition to the town (now city) of Portland, Indiana, described as follows, to wit:   Beginning at the southwest corner of said lot 114 and running thence north forty-four (44) feet; thence east one hundred and thirty-two (132) feet; thence south forty-four (44) feet to the south line of said lot 113; thence west along the south lines of lots 113 and 114 to the place of beginning.

(5)   That on April 2, 1920, Albert Newman conveyed to Bettie Farris Heston by warranty deed the same real estate described in No. 4 above.

(6)   That on June 29, 1920, Catherine Heddon conveyed to Minnie Thornburg by warranty deed said lot 113; that on December 15, 1921, Minnie Thornburg conveyed to William Brandis by warranty deed said lot 113; and that on October 31, 1922, William Brandis conveyed to Judson A. Jacqua by warranty deed said lot 113.

(7)   That Bettie Farris Heston is now the owner in fee simple of the following described real estate in Jay County, Indiana, to wit:

Part of lot 113 in South Portland Addition to the town (now city) of Portland, Indiana, commencing at the southwest corner of lot 113 in said addition; running thence north forty-four feet; thence east thirty-two feet; thence south forty-four feet to the south line of lot 113; thence west thirty-two feet to the place of beginning.

On the foregoing facts, the court stated the following conclusions of law:   (1) That the law is with the defendants; (2) that Bettie Farris Heston is entitled, on her cross-complaint, to have her title quieted as against Judson A. Jacqua to the real estate described in finding No. 7; and (3) that the defendants are entitled to recover their costs.

Judgment was rendered in accordance with the find-

ings and the conclusions of law. The errors assigned
are that the court erred in each conclusion of law and
in overruling the motion for a new trial.

The following map will aid materially in understand-
ing the questions involved:

The parties respectively claim title through the deeds
executed by Catherine Heddon/ No parol evidence was
adduced.

DAUSMAN, P. J. (after stating the facts):

The undisputed evidence shows that lot 114, as orig-
inally designated on the recorded plat, is 112 feet deep,
measured east from Bridge Street. How far, if at all, does
the tract conveyed to Bettie Farris Heston extend into
lot 113? If the southwest corner of lot 114, as origi-
nally designated on the plat, be taken as the point of
beginning, then it follows, as a matter of computation,
that her tract extends twenty feet into lot 113. By
the seventh paragraph of the special finding, the court
fixes the east line of her tract thirty-two feet east of
the west line of lot 113—an excess of 12 feet. This
error alone requires a reversal. The controversy, how-
ever, involves another feature.

The appellant Judson A. Jacqua presents the follow-
ing contention:

That when a portion of Bridge Street was vacated, as
shown by the third paragraph of the special finding, the

1. boundary lines of lot 114, as originally designated on the recorded plat, were readjusted by sheer force of law, so as to include the vacated portion of the street. In other words, that when that portion of the street was adjudged vacated, then, by operation of law, the southwest corner of lot 114 was fixed at a point thirty-two feet west of the corner as shown by the original lines on the recorded plat. On that basis, the tract conveyed to Bettie Farris Heston does not extend into lot 113, but the east line of her tract is twelve feet west of the west line of lot 113.

The foregoing contention is *prima facie* valid. *Bergan* v. *Co-operative Ice, etc., Co.* (1908), 41 Ind. App. 647, 84 N. E. 833; *City of Mt. Carmel* v. *Shaw* (1895), 155 Ill. 37, 39 N. E. 584, 27 L. R. A. 580, 46 Am. St. 311; *Brackney* v. *Boyd* (1919), 71 Ind. App. 592, 123 N. E. 696, 125 N. E. 238; §8912 Burns 1914, Acts 1907 p. 617.

2. The appellee has filed no brief, and in the circumstances of this case, justice requires that the failure to file a brief shall be taken as a confession of error.

3. The statement in the deed executed by Catherine Heddon to Albert Newman to the effect that the grantor thereby conveys "part of lots 113 and 114" is a general statement in the nature of a conclusion and must yield to the particular and specific description given in measurement and directions. The same principle is applicable to the deed from Newman to Heston. The application of that principle harmonizes all the conveyances involved.

The judgment is reversed and the trial court is directed to grant a new trial.