ROOKER ET AL. *v.* FIDELITY TRUST COMPANY, TRUSTEE.

[No. 24,366. Filed November 12, 1924. Rehearing denied June 30, 1925.]

1. ASSISTANCE, WRIT OF.—*On application for writ, no question determined by original decree can be litigated.*—On application for a writ of assistance, no question determined by the original judgment or decree can be litigated. p. 377.

2. ASSISTANCE, WRIT OF.—*Only question on application for writ to enforce judgment or decree is whether the judgment or decree has been complied with.*—Only question on application for a writ of assistance to enforce a judgment or decree is

whether the judgment or decree has been complied with, and the defendant cannot, in defense thereto, renew the contest as to title or right of possession which has already been settled.    p. 377.

3. ASSISTANCE, WRIT OF.—*Writ of assistance defined.*—A writ of assistance is a summary proceeding by which a court of equity will enforce its decree determining the title or right of possession of real estate without compelling the party entitled thereto to resort to a court of law to recover the same.    p. 377.

4. ASSISTANCE, WRIT OF.—*Jury trial cannot be demanded in application for writ.*—An application for a writ of assistance, being a proceeding to be determined by the court of equity which rendered the original decree, the parties thereto are not entitled to a jury trial.    p. 377.

5. ASSISTANCE, WRIT OF.—*Special finding of facts cannot be demanded in application for writ.*—An application for a writ of assistance, being a summary interlocutory proceeding, neither party can demand that the court make a special finding of facts.    p. 377.

6. ASSISTANCE, WRIT OF.—*Writ is issued on proof of demand of possession and refusal.*—Under modern practice, a writ of assistance is issued on proof of demand of possession and refusal.    p. 377.

7. ASSISTANCE, WRIT OF.—*Court held justified in finding that defendants were in possession of lands involved and were refusing to comply with judgment.*—Where the defendants were in possession of lands involved at the time the original judgment against them was rendered and, on demand for possession thereof, they answered that they refused to give possession in compliance with the judgment, the court in hearing an application for a writ of assistance was justified in finding that they were then in possession and refusing to comply with the judgment, especially when they offered no evidence at the hearing.    p. 378.

From Hamilton Circuit Court; *W. O. Dunlavy*, Special Judge.

Application by the Fidelity Trust Company, Trustee, for a writ of assistance against Dora E. Rooker and husband.    From an order directing the issuance of the writ, the defendants appeal.    *Affirmed.*

*William V. Rooker*, for appellants.

*Charles E. Cox* and *Henry Seyfried*, for appellee.

GAUSE, J.—This appeal is from an order of the court below directing the issuance of a writ of assistance to enforce compliance with a former judgment of that court, which judgment was affirmed by this court in *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141.

The judgment referred to adjudged that the appellee was the holder of the legal title to certain real estate therein described, a part of which is located in Hamilton county, Indiana. That said appellee held said land as trustee by virtue of certain deeds and trust agreement executed by appellants. That appellants had parted with the right to the possession and the rents and profits of said real estate by virtue of said deeds and trust agreement, and that the only interest appellants had in said land was an interest in the proceeds of the sale thereof contingent upon said land selling for a sum in excess of certain sums specified in said judgment, and appellants were enjoined from interfering with appellee's right to possession, rents and profits, etc.

The special finding of the court, its conclusions of law and the judgment are fully set out in the opinion in said former appeal.

After the judgment was affirmed by this court and the same certified to the lower court, the appellee filed its petition setting up that appellants had failed and refused to comply with the same, but were in possession of the dwelling house and appurtenances on said land, to the exclusion of the appellee, and were interfering with the rights of the appellee to the crops raised on said lands and were denying the right of the appellee to the possession thereof, and the appellee asked that a writ of assistance be awarded to put the appellee in possession of said lands and appurtenances and to oust appellants therefrom.

The action in which this judgment was rendered was commenced by appellants about twelve years ago and there have been numerous appeals to this court, as well as applications to the federal courts, by appellants. See, *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172; *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141; *Rooker* v. *Fidelity Trust Co.* (1923), 193 Ind. 450, 141 N. E. 4; *Rooker* v. *Fidelity Trust Co.* (1923), 263 U. S. 413, 44 Sup. Ct. 149, 68 L. Ed. 362.

In the proceedings noted above, most of the contentions appellants make in this appeal were raised and decided adversely to them.

The judgment which it is sought to enforce by the writ applied for in this proceeding was rendered upon a counterclaim filed by the appellee. This court held in the former appeal, reported in 191 Ind. 141, that the subject-matter of the counterclaim was a proper matter to be presented and adjudicated by a counterclaim in said action; that is, that the court had jurisdiction of the subject-matter. There is no contention but that the court had jurisdiction of the person of appellants.

Appellants have had their day (in fact many days), in a court that had jurisdiction of the subject-matter and of the person of appellants.

The special finding and conclusions of law were within the issues raised on said counterclaim and, as was said by this court on the former appeal (191 Ind. 141), "The judgment rendered in this case was in conformity with the conclusions of law."

Appellants surely are not serious in contending that they have been deprived of due process of law or denied the equal protection of the law, in the rendition of such judgment.

The rights of the parties have been fully adjudicated by the former proceedings, and appellants, according to the application for a writ of assistance and the evidence

submitted thereon, have refused to comply with the decree fixing the right of possession of the real estate in appellee.

Upon such an application no question determined by the original decree can be litigated. The only question on the application for a writ of assistance is 1, 2. whether the decree has or has not been complied with, and the defendant in such a case cannot in defense thereto renew the contest as to title or right of possession which has already been settled. *Emerick* v. *Miller* (1902), 159 Ind. 317.

A writ of assistance is a summary proceeding by which a court of equity will enforce its decree determining the title or right of possession of real estate 3-5. without compelling the party entitled thereto to resort to a court of law to recover the same. It being a summary interlocutory proceeding to be determined by the court of equity which rendered the original decree, the parties are not entitled to a jury trial nor to a special finding of facts, as was requested by appellants in this case. §437 Burns 1926, §418 Burns 1914; *Hutchinson* v. *Trauerman* (1887), 112 Ind. 21; *Starr* v. *Swain* (1914), 182 Ind. 313.

Under the early practice in this country, where a writ of assistance was desired by one entitled to possession of lands under a decree of a court of 6. equity, the following steps were required: Service of an execution; the issuing of an order to deliver; a demand and the issuing of an attachment for disobeying; an injunction to enjoin the defendants to deliver possession and then the writ would be issued if necessary. But the modern practice dispenses with these formalities and the writ is issued upon proof of demand of possession and a refusal. See 2 R. C. L. p. 736, and cases cited.

Appellants say that there was no evidence that they

were still in possession of any part of the lands involved. It appears from the record that they 7. were in possession when the original judgment was rendered, and there is nothing in the record indicating that they have surrendered possession of the part described in the petition for the writ of assistance. The only purpose of asking for the writ was to put appellants out of possession. The evidence shows that a written demand was made upon both appellants for possession, in compliance with the judgment, before the petition was filed, and that William V. Rooker, one of appellants and attorney for both of them, answered the demand by the statement, "Of course, we refuse," and that the other appellant made no reply that the server of the demand recalled. By the statement, "Of course, we refuse," it was clearly meant that appellants refused to comply with the demand to surrender possession, in compliance with said judgment. Appellants offered no evidence upon the hearing. If appellants were not in possession, they could have saved themselves considerable trouble by showing such fact to the court, but such was not even intimated to the court. In view of the fact that the record showed appellants to have been in possession when the judgment was rendered and it not appearing that they had ever complied with such judgment, and considering that, when it was demanded that they surrender possession in compliance with said judgment, they stated that they refused, and that, notwithstanding a vigorous resistance was made to the issuing of said writ, principally on the ground that the original judgment was void or erroneous, for reasons already settled in the main case, and that no evidence was offered to the effect that they had complied with the same, when, if such had been the fact, it would easily have been shown and would have been a complete defense to such application, we are not prepared to say that the

court was not justified in finding that appellants were in possession and were refusing to comply with the judgment.

All other questions which appellants seek to raise in their brief are either involved in the questions we have discussed, or are matters that were determined by the adjudication in the main action and that cannot be reviewed in this proceeding.

We find no error in the record, and the judgment is affirmed.

Ewbank, J., not participating.