## MOOSHY v. KIRMAN RUG AND TRADING CORPORATION.

[No. 14,337. Filed March 30, 1932.]

*James M. Ogden* and *Samuel E. Garrison,* for appellant.

NEAL, J.—Appellee instituted this action to recover judgment against appellant alleging in its complaint that the defendant (appellant herein) was indebted to it for merchandise sold on account. Appellant answered the complaint in two paragraphs, the first being in general denial, the second of payment. Trial was by the court, finding for plaintiff in the sum of $615.80, motion for new trial overruled, exceptions given, judgment in accord with the finding, and term-time appeal to this

court. The error assigned is the overruling of the motion for a new trial. The causes named in the motion are: (1) The finding is not sustained by sufficient evidence; and (2) the finding is contrary to law.

The complaint alleged that the plaintiff sold and delivered to the defendant, goods of the value of $1,864.34, the sales consisting of two items, one of November 4, 1927, in the sum of $1,480.34, the other of February 6, 1928, in the sum of $384; that payments had been made thereon in the sum of $1,400; that there had been long and unreasonable delay in the payment of the occount. The exhibit with the complaint shows a charge of interest in the sum of $151.46.

Appellant says in his brief "that, in the testimony here presented, there is no evidence on the part of the appellee that the appellant, at the time of the purchase of the two bills of rugs set out, owed the appellee anything. The evidence is undisputed that the appellant, after the date of the order of said first bill of goods, sent to the appellee the sum of $1,900."

In this appeal, appellee has filed no brief. The failure of appellee to file a brief in support of the judgment appealed from and controverting the alleged errors of appellant is deemed by this court in the instant case a confession of error, and the appellant's brief makes an apparent or *prima facie* showing that the finding of the court is not sustained by sufficient evidence and is, therefore, contrary to law. A reversal of the judgment must necessarily follow. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *Jacqua* v. *Heston* (1924), 81 Ind. App. 142, 142 N. E. 874.

Judgment reversed, without prejudice to either party, with instructions to sustain appellant's motion for a new trial.