### ADAMS v. ADAMS.

[No. 14,470. Filed June 24, 1932.]

*Charles B. Matson,* for appellant.

NEAL, J.—This is an action by Leatha Adams against Robert Adams for divorce. The complaint in one paragraph was predicated on the cause of cruel and inhuman treatment. From a judgment in favor of the defendant denying plaintiff a divorce, plaintiff appeals and assigns as her only error the overruling of her motion for a new trial under which the claim is made that the decision: (1) Is not sustained by sufficient evidence; and (2) is contrary to law.

Plaintiff (appellant herein) testified in substance that she and defendant (appellee herein) were married February 14, 1925, and separated February 12, 1931; that they have three children which are with his (appellee's) parents and are there with appellant's consent because she is unable to support them; that appellant and appellee separated because appellee would not stay home but ran around with other women; that he choked appellant; told her he did not love her—"didn't care a damn" for her; that he was sick two years prior to the separation—had a venereal disease; that she (appellant) did not contract the disease; that she never mistreated him; that he cursed her several times, and drank when he could get liquor; kept up that drinking ever since she knew him; that she can give no reason for his running around, drinking, being with other women and contracting a venereal disease; that she had not seen the children since February, but that she has heard from them each week.

George H. Hansell, testified that he was a practicing physician at Rising Sun and that he treated appellee for a venereal disease.

Lida Adams, appellee's only witness, testified she was the mother of appellee; that she and her husband live on a farm of 101 acres; that they own and operate the same; that appellee makes his home with her and her husband; that the three children of appellant and

appellee are with her and her husband; that she (the witness) is attached to the children and is willing to keep them if the mother (appellant) is not able to support them.

Appellee has filed no brief in the instant case. This failure on the part of appellee to file a brief in support of the judgment appealed from and controverting the alleged error of appellant, is deemed by this court in the instant case as a confession of error. Appellant's brief makes an apparent and *prima facie* showing that appellant is entitled to a divorce; that the judgment appealed from is not sustained by sufficient evidence and is therefore contrary to law. *Mooshy* v. *Kirman Rug, etc., Corp.* (1932), ante 223, 180 N. E. 758. A reversal of the judgment must, therefore, necessarily follow. *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378; *Jacqua* v. *Heston* (1924), 81 Ind. App. 142, 142 N. E. 874.

Judgment reversed, without prejudice to either party, with instructions to sustain appellant's motion for a new trial.