Patricia Lois TeWALT, Appellant
(Respondent Below),

v.

George Lewis TeWALT, Appellee
(Petitioner Below).

No. 1–181A6.

Court of Appeals of Indiana,
Fourth District.

June 15, 1981.

Rehearing Denied July 17, 1981.

. H. Brent Stuckey, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for appellant.

Joe D. Black, Ramsey & Black, Vincennes, for appellee.

CHIPMAN, Judge.

Patricia and George TeWalt were divorced on January 24, 1979. George was given custody of the parties' minor child. Their agreed settlement which was incorporated into the divorce decree stated:

"The parties agree that the real property situated at 1219 North Eleventh Street, Vincennes, Indiana, is owned by the two of them as tenants by the entireties and upon the entry of any dissolution of their marriage, shall then vest an undivided one-half in each. It is agreed that said property shall be listed with a real estate broker or through their own efforts sold within six (6) months from the date of any dissolution decree to the person or persons submitting the highest and best offer therefor but not less than $23,-000.00. Both Husband and Wife reserve the right to submit an offer to purchase said property. The costs of sale, if any, shall be borne equally by the parties and the proceeds therefrom shall then be divided equally among them. In the event said property is not sold within six (6) months from date of the entry of any dissolution decree, then Wife shall upon receipt of $10,000.00 cash from Husband, as a property settlement, execute and deliver to Husband a good and sufficient deed conveying all interest she may own in and to said property to Husband. Husband shall have thirty (30) days to arrange financing to complete said transaction."

Shortly after the decree Patricia apparently left the state with the child. On September 17, 1979, George filed a "Petition for Authority to Pay Money into Court and For Appointment of a Commissioner" in which he alleged:

"That paragraph 3 B of said agreement specified that if the real estate owned by the parties was not sold within six (6) months after the dissolution, Petitioner had the right to pay to Respondent the sum of Ten Thousand Dollars ($10,000.00) and that upon receipt of said cash Respondent would convey to Petitioner a deed to her interest in said real estate.

That the Respondent has removed herself from the State of Indiana and Petitioner does not know her location or whereabouts other than he knows she is living somewhere in the state of Florida.

Your Petitioner respectfully submits that he wishes to deliver to the court, or in the alternative to a commissioner appointed by this court, said Ten Thousand Dollars ($10,000.00) and he further requests that this court appoint a commis-

sioner to convey the following described real estate to him pursuant to said agreement. Said real estate is located at 1219 North 11th Street in Vincennes, Indiana."

The same date the petition was filed, the trial court entered this order:

"Comes now petitioner, George Lewis TeWalt, and files his petition for authority to pay money into court and for the appointment of a commissioner. The court now takes judicial notice from cause number J–79–22, In the matter of George Patrick TeWalt, that the respondent in this cause has voluntarily fled the jurisdiction of this court with the parties' minor child, that her whereabouts are unknown; and that the court has made numerous unsuccessful attempts to locate the respondent. Thus, the court finds the allegations of the petition to be true, any attempts to give notice to respondent of the filing of this petition would be fruitless, and such notice should be, and hereby is, waived. The court now grants the petition."

Patricia filed a T.R. 60(B)(6) motion on December 14, 1979, to vacate the court's order on the grounds that neither she nor her attorneys received notice of the petition for the appointment of the commissioner. This motion was denied on January 16, 1980. She then filed a Motion to Correct Errors on March 11, 1980, containing the issues she requests this court to review. They are:

I. Whether the trial court erred by conditioning her receipt of the funds held by the commissioner on her compliance with the custody provisions of the divorce decree; and

II. Whether the trial court erred by not requiring Patricia to be notified of the petition for appointment of a commissioner.

We affirm.

I. Condition of Compliance with Custody Agreement.

■ Patricia alleges the September 17, 1979, judgment is erroneous because it con-

ditions her receipt of the funds held by the commissioner on her compliance with the custody provisions of the original divorce decree. Patricia first raised this allegation in her Trial Rule 59 Motion to Correct Errors filed on March 11, 1980. This issue has been waived for failure to timely file a Motion to Correct Errors since the filing of a Trial Rule 60 Motion to Vacate does not toll the sixty-day time limitation from the date of the judgment for perfection of appeals. *Dawson v. Wright*, (1955) 234 Ind. 626, 129 N.E.2d 796; *Warner v. Young America Volunteer Fire Dept.*, (1975) 164 Ind.App. 140, 326 N.E.2d 831.

The trial court entered a final judgment appointing a commissioner on September 17, 1979. In order to attack this aspect of the judgment she should have filed a Motion to Correct Errors within sixty days of that judgment or included the issue in the Motion to Vacate under Trial Rule 60(B)(8). Her filing of the Trial Rule 60(B)(6) Motion to Vacate alleging the judgment was void did not toll the time limitation for filing a Trial Rule 59 Motion to Correct Errors on other grounds. *See Roberts v. Watson*, (1977) 172 Ind.App. 108, 359 N.E.2d 615; *Irmiger v. Irmiger*, (1977) 173 Ind.App. 519, 364 N.E.2d 778.

In addition we note Patricia's argument is meritless as it is based on an unfounded assumption. The order states:

"[S]aid commissioner shall hold said sum of money less costs and fees, for and on behalf of the respondent, Patricia Lois TeWalt, until damand [sic] for payment be made therefore by the respondent personally appearing before this court."

Patricia's argument presupposes her receipt of the funds is contingent on her returning the child to George. As one can clearly see from the quoted passage this was not ordered by the court. The court only required Patricia to appear to receive the funds. The argument based on custody is therefore inapplicable. Patricia makes no argument concerning the order for her to appear. We therefore have no issue presented to us for review.

## II.  Notice

George, in his petition, requested the court to enforce the January 24, 1979, judgment by conveying to him title to the property.  He alleged entitlement to complete ownership by virtue of the passage of time and failure of the property to sell for more than $23,000.  He was, in effect, applying for a writ of assistance.

■ A writ of assistance is an equitable remedy normally used to transfer real property, the title of which has been previously adjudicated, as a means of enforcing the court's own decree.  *Rooker v. Fidelity Trust Co.,* (1924) 196 Ind. 373, 145 N.E. 493, cert. denied 270 U.S. 633; 7 Corpus Juris Secundum, *Assistance, Writ of,* § 1 (1937).  The provisions for the actual conveyance of title by a commissioner were set forth in Burns' Statutes §§ 3–1001—3–1009.[1]

This remedy has been subsumed by Indiana Rules of Procedure, Trial Rule 70(A), which states:

"*Effect of judgment.*  If a judgment directs a party to execute a conveyance of land, or other property or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

On application of the party entitled to performance, the clerk shall issue a writ of attachment, writ of assistance, or sequestration against the property of the disobedient party to compel obedience to the judgment."

Historically an application for a writ of assistance was a supplemental proceeding, i. e., a continuation of the original action whose effect was only to enforce the original order.  *Emerick v. Miller,* (1902) 159 Ind. 317, 64 N.E. 28; *Brackney v. Boyd,* (1919) 71 Ind.App. 592, 123 N.E. 695; reh. den. 71 Ind.App. 592, 125 N.E. 238.  We can find no authority to indicate the nature of this writ was changed by T.R. 70(A).  One can infer from the Civil Code Study Com-

1.  "3–1001 [1086].  Conveyance by party, how enforced.—In case of a judgment to compel a party to execute a conveyance of real estate, the court may enforce the judgment by attachment or sequestration, or appoint a commissioner to make the conveyance.

3–1002 [1087].  Real property, how conveyed.—Real property may be conveyed by a commissioner appointed by the court:

First.  Where, by the judgment in an action, a party is ordered to convey real property to another, or any interest therein.

Second.  Or where real property, or any interest therein, has been sold, and the purchase-money paid.

3–1003 [1088].  Contents of deed.—The deed of the commissioner shall so refer to the judgment authorizing the conveyance, that the same may be readily found, but need not recite the record in the case generally.

3–1004 [1089].  Title passed under judgment.—A conveyance made in pursuance of a judgment, shall pass to the grantee the title of the parties ordered to convey the land.

3–1005 [1090].  Title passed under sale. —A conveyance made in pursuance of a sale ordered by the court shall pass to the grantee the title of all the parties to the action or proceeding.

3–1006 [1091].  Approval of court necessary.—A conveyance by a commissioner shall not pass any right, until it has been examined and approved by the court, which approval shall be indorsed on the conveyance, and recorded with it.

3–1007 [1092].  Signature—Names of parties.—It shall be sufficient for the conveyance to be signed by the commissioner only, without affixing the names of the parties whose title is conveyed; but the names of the parties shall be recited in the body of the conveyance. [Acts 1881 (Spec. Sess.), ch. 38, § 621, p. 240.]

3–1008 [1093].  Recording.—The conveyance shall be recorded in the office in which, by law, it should have been recorded had it been made by parties whose title is conveyed by it. [Acts 1881 (Spec. Sess.), ch. 38, § 622, p. 240.]

3–1009 [1094].  Form of commissioner's deed.—If the conveyance is made by a commissioner appointed by the court, the following form may be used, viz.: 'A. B., commissioner by the order (or judgment) of (naming the court), in the case of (naming the parties plaintiff), against (naming the party defendant), (or) on petition of (naming the description of the petitioner as A. B., administrator of C. D.), (or) guardian of (naming the wards), entered in (describe the kind of record, number of volume, and page), conveys to E. F. (describe the premises), for (state the consideration).' [Acts 1863, ch. 5, § 3, p. 7.]"

mission Comments that no such change was contemplated:

"Rule 70(A) effectuates little change under prior Indiana law. Previous to the adoption of the rule, the court retained inherent power to appoint a court officer to carry out the orders of the court.... Prior law recognized that possession of property under an equitable decree or order could be enforced by a writ of assistance.

. . . .

Upon the adoption of Rule 70(A) the technical requirements of Burns' Stat., §§ 3–1001—3–1004 will be eliminated by repeal. Thus the approval by the court will not be required as a condition of the validity of the deed. *Compare* Burns' Stat., § 3–1006."

■ We therefore believe it is still the case in Indiana as in Illinois that:

"A writ of assistance is a summary proceeding and is not the institution of a new suit; rather it is auxiliary or incidental to judgment or decree, and employed to enforce or effectuate such judgment. On an inquiry with respect to whether the writ should issue, questions determined in the main proceedings cannot be raised again or relitigated. The only issues in the proceeding are the right to possession of the property involved as determined under the decree." (citations omitted)

*City of Chicago v. Walker*, (1978) 61 Ill. App.3d 1050, 18 Ill.Dec. 578, 377 N.E.2d 1214, 1216.

A. Jurisdiction

■ Patricia contends the judgment is void for lack of jurisdiction due to lack of notice. We do not agree. Since the petition for writ of assistance is merely a continuation of the original cause the court retains its jurisdiction throughout the proceeding, *see Emerick v. Miller, supra,* just as it retains jurisdiction throughout proceedings supplemental. *Citizens National Bank of Grant County v. Harvey,* (1976) 167 Ind.App. 582, 339 N.E.2d 604.

B. Due Process

■ Patricia secondly alleges the judgment is void because the lack of notice denied her procedural due process of law. In support of the argument she sets forth language from *Fuentes v. Shevin,* (1972) 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, which sets forth the constitutional requirements of notice and a right to be heard before a decision affecting an individual's rights is made. We wholeheartedly agree with the United States Supreme Court in its decision there, however find it inapplicable to the case at bar.

Here Patricia was afforded an opportunity to be heard during the original action at which time the right to the realty was adjudicated. The order appointing a commissioner to convey the realty was not a new adjudication during which Patricia might have been denied due process but merely an enforcement of the original decree. No new issues or rights were asserted under the original order, nor could they have been. *Brackney v. Boyd, supra.*

This issue is analogous to one presented in *Citizens Nat'l Bank v. Harvey, supra,* in which this court held there was no due process violation in failing to notify a judgment debtor of garnishment proceedings. The holding was based on the conclusion that the original action determined the liability and the garnishment proceedings merely decided how that liability was to be paid. Here the original decree made *all* of the determinations affecting Patricia's rights to the property, the September 17, 1979, order only enforced that order. As such she was not denied due process by the lack of notice.

C. Statutory Requirements of Notice

■ Patricia also asserts a "statutory violation" in not giving her notice of the proceedings. She fails to specifically state which statute was violated and we find there were none violated.

As a continuation of a cause the notice provisions of Trial Rule 5 must apply since Trial Rule 4.5 deals only with service in new

actions. Trial Rule 5 states notice to a party is required "[u]nless otherwise provided by these rules or an order of the court." Here the trial court's order specifically stated that notice was not necessary due to futility. We admit "the law looks with disfavor upon *ex parte* Court action *without notice.*" *Indianapolis Machinery Co., Inc. v. Curd,* (1966) 247 Ind. 657, 221 N.E.2d 340, 346. However, we must respect the trial court's knowledge of the fact that Patricia had fled the jurisdiction and was concealing her whereabouts and concede the vitality of the equitable maxim that the law will not require the doing of a vain or useless thing, *Cole Real Estate Corp. v. Peoples Bank & Trust Co.,* (1974) 160 Ind.App. 88, 310 N.E.2d 275; *Apple v. Apple,* (1973) 157 Ind. App. 68, 299 N.E.2d 239. During the arguments on the motion to vacate, Patricia's attorneys admitted she had concealed herself from them. T.R. 5(B) dictates that when service is required and the party is represented, service is to be made on the attorney. If the judge knew that service in this manner would be futile there is no abuse in not·so notifying Patricia's attorneys.

Furthermore, Patricia fails to demonstrate any prejudice resulting from the lack of notice. It is a well known rule of appellate practice that one who seeks to disturb a judgment has the burden of showing an erroneous ruling *and* resultant prejudice. *Otte v. Tessman,* (1980) Ind.App., 412 N.E.2d 1223. Patricia attempts to avoid this by alleging that the harmless error doctrine is inapplicable. She cites *Anderson Federal Savings & Loan Association v. Guardianship of Davidson,* (1977) 173 Ind. App. 549, 364 N.E.2d 781, for the proposition that the merit of her defenses is irrelevant. *Anderson, id.* which dealt with a due process violation holds that the merits of a claim are irrelevant to the *due process* rights of the litigants. However, here we have determined that there has been no violation of Patricia's due process rights. Thus she is subject to the harmless error doctrine.

Patricia alleges she was prejudiced by the appointment of the commissioner in that the title to the property was conveyed to George individually and the costs of the action charged against the $10,000 deposited with the court.[2] She, however, does not point to anything which would indicate her receiving notice of the proceedings would have altered this outcome. The divorce decree specifically set forth the circumstances under which George had a right to the property. The decree directs that if:

1) the property is not sold through the parties' own efforts or through a realtor
2) for over $23,000
3) within six months
4) and George tenders $10,000 to Patricia

then Patricia "shall ... execute and deliver to Husband a good and sufficient deed conveying all interest she may own in and to said property."

Once all of the conditions set forth in the decree were met, as was alleged in George's verified petition, Patricia had no choice but to convey her interest in the property to him. Here she does not allege a failure to meet those conditions. Since she presents no prejudice caused by her not receiving notice we can find no reversible error.

We affirm.

YOUNG, P. J., and MILLER, J., concur.

---

**2.** She also alleged prejudice in that the order made no provisions for her receiving the furniture due her under the divorce decree. Since George's petition made no mention of household possessions we do not see how notice to Patricia could have broadened the scope of the resultant order to include them. There is nothing in the divorce decree to indicate that George's right to the property was contingent upon Patricia's possession of certain household items.